## JOHNSON V. GRISSARD.

MORTGAGE: *Description of property.*

> A mortgage of "all my crop of corn, cotton or other produce that I may raise, or in which I may in any manner have an interest, for the year 1884, in Faulkner county, Arkansas," is not void as to third parties for uncertainty. The description could be made certain by extrinsic evidence, and the record of the conveyance was constructive notice of the mortgagee's lien on the crop mentioned.

APPEAL from *Faulkner* Circuit Court.

J. W. MARTIN, Judge.

*J. H. Harrod*, for appellants.

The mortgage is so indefinite and uncertain that it conveys nothing against the claims of third persons. 11 N. W. Rep., 621.

*E. A. Bolton*, for appellee.

1. The description in the mortgage was sufficient. It could be made definite by extrinsic proof. 79 Ala., 335; 66 Id., 258; 78 Id., 28; 65 Id., 256; 92 U. S., 325; Thomas on Mortg., 55,56; 65 Ga., 644; Jones Ch. Mortg., 64.

2. No verbal agreement can constitute a lien against a recorded mortgage, not even with a landlord. 5 Heisk. (Tenn.), 210; 43 Miss., 456.

HUGHES, J.

The appellee brought his action in the Faulkner circuit court to recover the value of three hundred pounds of seed cotton and fifty bushels of corn, which he alleged he owned and appellants had converted to their own use in 1884. Appellants answered, denied the ownership of appellee, the conversion by them, and that appellant was damaged. The case was tried by the court sitting as a jury upon the complaint, answer and an agreed statement of facts. The court found for appellee and gave judgment in his favor for $63.40. Appellee claimed the property under a mortgage executed to him by T. B. Lawson and recorded in that county on the 6th day of December, 1883. The property is described therein as "All my crop of corn, cotton or other produce that I may raise, or in which I may in any manner have an interest, for the year 1884, in Faulkner county, Arkansas," and other property not in controversy in this case. On the trial the appellee offered this mortgage in evidence; the appellants objected upon the ground that "the description of the mortgaged property is indefinite and uncertain, and, against the claims of third parties, gives no lien to plaintiff." The court considered the mortgage in evidence; and found

that Lawson raised a crop of cotton and corn on the land of the defendants Johnson & Johnson, in Faulkner coun-county, Arkansas, in 1884; that Lawson paid Johnson & Johnson all the rent due them in 1884; that Grissard's debt due him by Lawson was not paid; that Johnson & Johnson received from and converted to their own use cotton raised by Lawson in Faulkner county, Arkansas, in 1884, of the value of $41.95, and corn raised by Lawson of the value of $21.46; that they took the cotton and corn sued for here in payment for supplies furnished Lawson, after they had been fully paid all their rent for 1884; that the property so converted was demanded of them by W. H. Grissard before suit and that they refused to deliver it. The only question necessary to consider, and the only one made by appellant's counsel here is, is the description in the mortgage of the property in controversy sufficient? The appellants in the court below asked the court to declare the mortgage was too general, indefinite and uncertain in the description of the property conveyed; that it created no lien against an innocent purchaser for value, who had no notice of it except constructive notice from its registration; that under the facts admitted the lien of appellants is superior to the lien of the appellees; that the law was against the plaintiff, and that the defendants were entitled to judgment—all of which were refused by the court. The court of its own motion declared "the law to be for the plaintiff, and that his mortgage constitutes a valid lien on the property in controversy and superior to the claim of the defendants." To the refusal to declare the law as asked by the appellants, and to the declaration of law made by the court on its own motion, the appellants excepted at the time, made a motion for a new trial, which was overruled, and appealed to this court.

Johnson v. Grissard.

The description of the property in the mortgage in con- MORTGAGE: Description troversy in the cause is, ''all my crop of corn, cotton or other of property. produce that I may raise, or in which I may have in any manner an interest for the year 1884, in Faulkner county, Arkansas.'' The only question raised here is, is the description so general and indefinite as to avoid the mortgage as to third parties? We have not been able to find that the precise question as to the sufficiency of a description so general and indefinite has been determined in this court. Counsel for appellants contends that ''a chattel mortgage ought not to be a drag-net covering a whole county in any such general terms'' as was said in *Muir v. Blake*, 11 N. W. Rep., 621, by the supreme court of Iowa, in which a description in a mortgage of ''all the crops raised by me in any part of Jones county for the term of three years'' was held too indefinite and uncertain to charge third persons with notice of the mortgage. While both of these descriptions are very general, it will be noticed that the former is not so uncertain and indefinite as the latter, which was sought to be made to cover crops for three years.' In *Ellis v. Martin*, 60 Ala., 394, which was attachment for rent levied upon three bales of cotton claimed by a third party, and in which an issue was formed to try the right of property in the cotton, the plaintiff offered in evidence a mortgage, or ''lien note,'' over the objection of the claimant based on the ground ''that the said instrument contained no sufficiently certain description of the property or crop alleged to be covered or described, and could not lawfully be explained by parol evidence.'' The court overruled the objection and admitted said deed as evidence, with proof that the cotton was part of the crop raised by said Ellis on said place (named in the mortgage) in 1875.'' The description was '' my entire crop

Johnson v. Grissard.

of cotton and corn of the present year," without any other descriptive words. The supreme court of Alabama, by Brickell, C. J., said in this case: "The description of the thing conveyed in the mortgage is very general and indefinite; but it is capable of being rendered certain by evidence showing the lands cultivated by the mortgagor in 1875, and the quantity of corn and cotton raised thereon. Generality and indefiniteness of description will not avoid a conveyance." It is uncertainty that will not be removed when the conveyance is read in the light of the circumstances surrounding the parties at the time it was entered into and their manifest design is considered, that will render a conveyance void.

"Nor can it be admitted that the necessary effect of the generality of the description is to mislead and deceive strangers dealing with the mortgagor." In *Varnum v. The State*, upon indictment for removing mortgaged property, 78 Ala., 28, it was held that when a mortgage conveys the "entire crop" of the mortgagor of every description raised by him or caused to be raised by him annually, till a certain debt is paid, the uncertainty as to what the mortgage covers can be removed by parol evidence. In *Smith v. Fields*, 79 Ala., 335, it was held that a mortgage of "my entire crop of cotton and corn" is not void for indefiniteness and uncertainty, but the descriptive words may be made definite by parol testimony, showing that the parties had reference to the crop to be raised by the mortgagor on the plantation in the county, which he was then cultivating." "The description of the property in the mortgage, though general, is sufficient to put on inquiry; and the defendant purchasing from the mortgagor was bound to ascertain whether the cotton he bought was the same covered by the mortgage." In 92 U. S., 320, in *Wilson v.*

*Boyce*, it was held that where an act of the legislature of the State of Missouri declared that certain bonds issued thereunder and accepted by the Cairo & Fulton R. R. Co. "should constitute a first lien and mortgage upon the road and property" of the company, "the word 'property' included all the lands of said company, and that a valid lien upon them was created by its act, and that the title of a subsequent purchaser from the company of its lands is destroyed by the sale of them under the mortgage."

The description of the property mortgaged in the case at bar and in controversy in this cause, as "all my crop of corn and cotton for the year 1884, in Faulkner county, Arkansas," is not so indefinite and uncertain that it could not be made certain by extrinsic evidence. The record of the mortgage was constructive notice, and all persons purchasing any of the crop of the mortgagor in the county of Faulkner, for the year 1884, were bound to inquire whether it was covered by the mortgage to Grissard.

Affirm.