FIRST NATIONAL BANK OF VAN BUREN v. CAZORT &
McGEHEE COMPANY.

Opinion delivered May 8, 1916.

CHATTEL MORTGAGES—CROPS—DESCRIPTION.—One S. executed a mortgage
to appellee covering "15 acres of growing cotton * * * and all other
crops or produce I may in any manner have an interest in for the
year 1914 * * *." It appeared that S. planted 25 acres of cotton.
*Held*, the description was sufficient to constitute a valid lien under
the mortgage.

Appeal from Crawford Circuit Court; *James Coch-
ran,* Judge; affirmed.

STATEMENT BY THE COURT.

This appeal comes from a judgment against appel-
lant in a controversy over four bales of cotton raised by
Ed Smart and delivered to the appellant to apply upon
a debt secured by a mortgage held by it. The appellee
brought replevin for the property claiming the right to
the possession thereof, under a mortgage executed by said
Smart. On appeal the case was tried by the circuit court
upon an agreed statement of facts, as follows:

Ed Smart raised a crop of twenty-five acres of cot-
ton on the Anderson farm in Crawford County in the
year 1914. He executed a mortgage to appellee company
on February 24, 1914, which was filed in the recorder's
office on the 26th of February, 1914. The property de-
scribed therein included plow tools, certain farming im-
plements, a buggy and harness, "and fifteen acres of
growing cotton, also seed in said cotton and four acres of
growing corn, and ............... acres of growing wheat, and
............... acres of growing oats, and all other crops or pro-
duce I may in any manner have an interest in for the
year 1914, to be planted and grown on the Anderson farm
in Van Buren township, controlled by Louis Bryan, or
anywhere else in Crawford County."

He executed on April 1, 1914, to appellant bank, a
mortgage which was filed in the recorder's office on the
2d day of April, 1914, the property described therein
being "ten acres of cotton to be grown season of 1914 on

Anderson's farm in Richland township," and "cotton, horses, and other personal property in Richland township," and cotton, horses and other personal property.

The mortgagor raised a crop of twenty-acres of cotton on the said Anderson farm in 1914 and gathered the cotton in controversy from said field and delivered it to appellant bank to be applied on its mortgage, and the bank was in possession thereof when the suit was commenced. The cotton was sold by agreement and the net proceeds amounting to $100.16 is now in the hands of appellant; the debt due by mortgagor to each party exceeds the amount of the proceeds of the cotton sold.

*E. L. Matlock,* for appellant.

1. Appellee's mortgage is void for uncertainty. 35 Ark. 169; 41 *Id.* 70; 43 *Id.* 350; 108 *Id.* 162. The words, "all other crops," does not cure the uncertainty. 21 A. & E. Enc. Law (2 ed.) 1011; 54 Cal. 357; 54 N. J. Eq. 471; 62 S. E. 473; 87 Pac. 583; 11 Ark. 455; 1 Leigh (Va.) 610.

*C. A. Starbird,* for appellee.

1. Appellee's mortgage was a valid lien on all crops. It was sufficiently definite. 51 Ark. 410; 52 *Id.* 371. Appellant is a junior incumbrancer and took with full notice.

Kirby, J., (after stating the facts). Appellant contends that appellee's mortgage is void for uncertainty of description of the property conveyed and that appellant is entitled to retain the cotton delivered to it under its mortgage notwithstanding it is also void for insufficient description.

The mortgage to appellee covered fifteen acres of growing cotton and the seed therein "and all other crops or produce I may in any manner have an interest in in 1914, to be planted and grown on the Anderson farm in Crawford County." There can be no doubt but that fifteen acres of growing cotton and the seed therein would have been a sufficient description of such property raised on the Anderson place for the year 1914, if no more than that quantity had been planted and the fact that the mortgagor planted twenty-five acres of cotton instead of fifteen, could not operate to make the description insuffi-

cient, the mortgage not disclosing that it was in contemplation of the parties that more than fifteen acres would be planted together by the mortgagor. Of course, a description of fifteen acres out of twenty-five acres to be planted would have been so indefinite as to have been ineffectual as a conveyance or security, but the clause ''and all other crops or produce I may in any manner have an interest in, for the year 1914,'' to be grown on said farm, tended to make the description more definite and certain.

Descriptions in mortgages of ''all my crop of corn, cotton, or other produce I may raise, or in which I may have in any manner an interest'' for the particular year in a designated county and ''my entire crops of cotton and corn to be raised by me the present year or contracted by me,'' have been held sufficient. *Johnson* v. *Grissard,* 51 Ark. 410; *Henderson* v. *Gates,* 52 Ark. 371. The words ''and all other crops or produce I may in any manner have an interest in'' following the specific description of ''fifteen acres of growing cotton and the seed therein and four acres of growing corn, etc.,'' are not confined in meaning to other or different kinds of crops, but included all other crops whether of the same or a different kind, to those specifically designated, additional thereto. The description in the mortgage being sufficient, it constituted a valid lien on the property in controversy from the date of its filing and was superior to the claim of appellant and entitled the appellee as against it to the possession of the cotton delivered by the mortgagor to the bank. The judgment is correct and it is affirmed.