LESSER-GOLDMAN COTTON COMPANY *v.* HEMBREE.

Opinion delivered March 3, 1924.

1. MORTGAGES—SIGNATURE OF CHATTEL MORTGAGE.—Where a chattel mortgage had a printed indorsement: "This instrument to be filed but not recorded," followed by the mortgagee's name, likewise printed, this was a sufficient signature within Crawford & Moses' Dig., § 7384, so as to render the mortgage effective as constructive notice to third parties.

2. MORTGAGES—SUFFICIENCY OF DESCRIPTION OF CROP.—A mortgage on the "entire crop grown during the year 1920 on Welbourne Place in Watson township, Conway County, Arkansas, or any and all other crops of corn and cotton I may have an interest in during the year 19...... in said county," *held* sufficient to charge a purchaser with notice of a lien on any crop raised by the mortgagor in such county, regardless of any mistake as to the place or township.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Strait & Strait,* for appellants.

2. The mortgage does not describe with sufficient certainty the crop of cotton in question to enable a person to identify the cotton. There is no such farm or township in Conway County as the farm and township mentioned in the mortgage. 41 Ark. 495; 108 Ark. 162; 134 Ark. 241; 54 Ark. 91.

*Calvin Sellers,* for appellee.

1. A substantial compliance with the statute regarding the filing of a mortgage is all that is required, and it makes no difference whether the mortgagee causes his name to be signed to the indorsement in writing or in

print.    130 Ark. 289; 40 Ark. 431; 60 Ark. 112; Words
& Phrases, 584; 103 N. W. 327; 136 S. W. 217; 101 Ark.
68; Central Law Journal, vol. 74, p. 339; 103 Ind. 96;
47 Atl. 675; 84 Pac. 1002; 27 N. W. 579.

2.    It is not necessary that the mortgaged property
should be so described as to be capable of identification
by the written recital, or by the name used to designate
it in the mortgage, but any description which will enable
third parties to identify the property is sufficient.    191
S. W. (Ark.) 953; 51 Ark. 410; 52 Ark. 371; 109 Ark. 552.

WOOD, J.    This action was instituted by the appellees
against the appellants to foreclose a chattel mortgage on
certain personal property of the appellant, J. W. Ken-
nedy, and to recover the value of certain cotton bought
by the appellant, Lesser-Goldman Cotton Company (here-
after called company), from the appellant, Kennedy,
grown in the year 1920, on which the appellees claim a
mortgage lien.    At the time of the execution of the mort-
gage in question appellee, A. V. Hembree, was in the mer-
cantile business in Morrilton, Arkansas, under the firm
name of A. V. Hembree & Son.    Later he was adjudged
a bankrupt, and his assets sold.    He and the other appel-
lees bought in the notes and accounts at the bankrupt
sale of A. V. Hembree & Son.    Upon the trial of the
cause a decree was rendered in favor of the appellees
against the appellants, from which is this appeal.

1.    The company contends that the mortgage exe-
cuted by Kennedy to Hembree, if otherwise valid, was
never filed as provided by law, and did not become con-
structive notice to third parties because the name A. V.
Hembree & Son was printed on the back of the mortgage,
under the indorsement, "This instrument is to be filed
but not recorded;" that the printing of the name A. V.
Hembree & Son was not a signature within the meaning
of § 7384, Crawford & Moses' Digest.    This contention
of appellant cannot be sustained, for the reasons set forth
in *Leach* v. *Bald Knob State Bank, post* p. 91,
which cause rules this on the point under considera-
tion.

2.    Both appellants Kennedy and the company deny that Kennedy mortgaged his cotton crop, and contend that the mortgage upon its face does not sufficiently describe the cotton crop to charge a purchaser thereof with notice.    The issue as to whether or not appellant Kennedy intended, and attempted, to mortgage his cotton crop grown in the year 1920 to A. V. Hembree & Son is purely one of fact, and it could serve no useful purpose as a precedent to set out in detail and argue the testimony upon which the trial court found that Kennedy did execute a mortgage on his crop for the year 1920 to Hembree & Son.    Suffice it to say that we have considered the testimony, and are convinced that the finding of the court on this issue is not clearly against the preponderance of the evidence.

The issue of whether or not the description in the mortgage is sufficient to describe the cotton crop so as to charge a purchaser thereof with notice is one of law.    The property described in the mortgage is as follows:

"Entire crop of cotton grown during the year 1920 on Welbourne Place, in Watson Township, Conway County, Arkansas, or any and all crops of corn and cotton I may have an interest in during the year 19...... in said county, Arkansas."

In the case of *Johnson* v. *Grissard,* 51 Ark. 410, the description in the mortgage was "all my crop of corn and cotton or other produce that I may raise, or in which I may in any manner have an interest, for the year 1884, in Faulkner County, Arkansas."    In that case we held that the description could be made certain by extrinsic evidence, and that the record of the conveyance was constructive notice of the mortgagee's lien on the crop mentioned.

In the case of *Storthz* v. *Smith,* 109 Ark. 552, the description in the mortgage was very similar to the description in the mortgage under review, and we held in that case that the description was sufficient to give notice to all parties of the lien on any crop raised by the

mortgagor in Faulkner County, the same being the county named in which the crop was grown.

These cases rule the case in hand, and it becomes wholly immaterial whether there was a mistake in naming the place on which the cotton was grown or the township in which the place was situated upon which the cotton was grown. The decree of the chancery court is in all things correct, and it is therefore affirmed.