**UNITED STATES of America, Appellant,**

v.

**R. D. WILMANS & SONS, Inc., Appellee.**

**No. 15779.**

United States Court of Appeals
Eighth Circuit.

Jan. 30, 1958.

Peter H. Schiff, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Osro Cobb, U. S. Atty., Little Rock, Ark., and Melvin Richter, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

Kaneaster Hodges, Newport, Ark., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment dismissing the complaint in an action brought by the United States against R. D. Wilmans & Sons, Inc., for the alleged conversion of 20 bales of cotton, upon which the Government claims to have a chattel mortgage lien for $1,232.-32 and interest.

The question for decision is whether the District Court reached a permissible conclusion in ruling that, under Arkansas law, a "Crop and Chattel Mortgage" made on March 26, 1952, by Ben J. Daniels to the Farmers Home Administration, an agency of the United States, as security for a loan, covered only the crops grown by him on the Joe Davis farm in Jackson County, Arkansas, and did not cover the crops grown by Daniels upon another farm in that County. Jurisdiction is based on 28 U.S.C.A. § 1345. The facts are not in dispute and are stated accurately in detail in the opinion of Judge Lemley, who tried the case, 147 F.Supp. 232, and need not be repeated.

The mortgage, which was on a printed form used by the Farmers Home Administration in Arkansas, and was duly filed, contained the following provisions as to coverage:

"II. The Mortgagor does hereby grant, bargain, sell, and convey unto the Mortgagee, the following crops or chattels all of which are located or to be located on the premises known as the Joe Davis farm or ranch, located and situated approximately 5 miles in a Northerly direction from the town or city of Newport in the county of Jackson, and State of Arkansas:

"(1) All crops now standing, planted, or grown, and all crops that

may be planted or grown within twelve (12) months from the date hereof on the lands above described and on any other lands cultivated by the Mortgagor in the same county.

"(2) The following-described livestock * * *: [Here follows description of livestock], * * *.

"(3) Other chattels described as follows: [Here follows description of farm implements]."

■ The cotton which the defendant is charged with having converted, by purchase, was raised by Daniels on land in Jackson County, Arkansas, but not on the Joe Davis farm, and was never "located or to be located" on that farm. Concededly, if the mortgage had specifically covered "crops grown on the Joe Davis farm in Jackson County, Arkansas, or on any other lands in that County," it would, under Arkansas law, have constituted adequate constructive notice to third persons that the Government had a lien on any cotton grown by Daniels in that County during 1952. See Johnson v. Grissard, 51 Ark. 410, 11 S.W. 585, 3 L.R.A. 795; First National Bank of Van Buren v. Cazort & McGehee Co., 123 Ark. 605, 186 S.W. 86, L.R.A.1917C, 7; Lesser-Goldman Cotton Co. v. Hembree, 163 Ark. 88, 259 S.W. 5. However, since the crop and chattel mortgage relied upon by the Government stated in the first part of the granting clause that it covered crops and chattels "all of which are located or to be located" on the Joe Davis farm, it cannot be said with certainty that under Arkansas law the mortgage constituted adequate notice that it was also intended to cover crops raised by the mortgagor elsewhere in Jackson County. The conclusion reached by the District Court is, we think, not demonstrably wrong.

■ The competency of Judge Lemley to rule upon a question of Arkansas law such as is presented here cannot be doubted. His considered opinion is his forecast or prediction of what the Supreme Court of Arkansas would probably hold in a similar case. See Dierks Lumber & Coal Co. v. Barnett, 8 Cir., 221 F.2d 695, 697, and Homolla v. Gluck, 8 Cir., 248 F.2d 731, 734. In the case last cited, this Court said (at page 733 of 248 F.2d):

"This case in principle differs in no controlling respect from others in which this Court has consistently refused to attempt to outpredict, outforecast or outguess a trial judge with respect to a doubtful question of the law of his State."

The judgment appealed from is affirmed.

WOODROUGH, Circuit Judge (dissenting).

It seems to me the mortgage in issue here is in a form that has been evolved rather than prepared and though it has clauses and phrases badly put together, it sufficiently conveys "crops grown on any other lands cultivated by the mortgagor in the same county". I would read the relevant parts of the mortgage to bring out that true intent, without changing the sense by omissions or additions as I see it in the following manner, viz.:

"The mortgagor . does . convey the following . crops . all of which are to be located on . the Joe Davis farm: All crops that may be planted within twelve months on the lands above described

and
on any other lands cultivated by the mortgagor in the same county." "To Have and to Hold the said crops unto the mortgagee forever."

That the mortgagee shall "have and hold forever" the crops that may be planted on the other land in the county is certainly beyond dispute. I would grant review under Section 1291, 28 U.S. C.A.

I would reverse.