**In re Lane Robert REMILLONG,**
**Debtor.**

**Lane Robert REMILLONG, Plaintiff,**

v.

**UNITED STATES of America, on behalf of the INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 90–10992–013.**
**Adv. No. 90/00296.**

United States Bankruptcy Court,
D. Montana.

May 15, 1991.

Stephen C. Mackey, Towe, Ball, Enright & Mackey, Billings, Mont., for debtor.

Doris M. Poppler, U.S. Atty., Frank D. Meglan, Asst. U.S. Atty., Billings, Mont., Jeffrey D. Snow, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding, the Plaintiff, a Chapter 13 Debtor, seeks to recover a preference from the Defendant which allegedly resulted from the setoff of a tax refund of $583.00, which was applied against the Debtor's 1980 income tax deficiency. The matter is pending on the Defendant's Motion to Dismiss the Amended Complaint on grounds the Complaint fails to state a claim for relief against the Defendant. Because the material facts stated in the amended Complaint are conceded by the Defendant in its Memorandum of Authorities in support of the Motion to Dismiss, I treat Defendant's Motion as a Motion for Summary Judgment under Bankruptcy Rule 7056.

The undisputed facts show that the Debtor owed the Defendant income taxes for the calendar year ending 1980. The Debtor was entitled to a refund of $583.00 for overpayment of withholding taxes for the calendar year 1989, which the Defendant setoff against the 1980 taxes on May 14, 1990. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on July 6, 1990. The Defendant filed an unsecured claim for the balance of the 1980 taxes in the sum of $2,745.80. Under the confirmed Chapter 13 Plan, the Defendant will receive no Plan payments and upon completion of the Plan, the Defendant's claim is subject to discharge.

In the Amended Complaint, the Plaintiff asserts that the setoff of $583.00 was a preference under 11 U.S.C. § 547, by reason of a transfer being made within 90 days of the Order of relief under Chapter 13, on account of an antecedent debt, while the Debtor was insolvent, which enables the Defendant as an unsecured creditor to receive more than it would if this were a case under Chapter 7, had the transfer not been made. The sole issue perceived by the parties is whether the transfer of the 1989 tax refund occurred within the 90 day preference period. The parties' contentions are misplaced and Defendant is entitled to Judgment as a matter of law.

As is clear from the above facts, the setoff occurred pre-petition. 4 *Collier on Bankruptcy*, ¶ 553.05, pp. 523–29 and 30 (15th Ed.) states:

"A creditor may exercise its setoff remedy prior to the commencement of the case without court approval. Subject to the limitations set forth in section 553(b), the Code does not restrict a creditor from exercising its right of setoff under applicable non-bankruptcy law prior to the commencement of the case. Setoff prior to bankruptcy, if within the terms of the Code, does not constitute a preference."

*In re Balducci Oil Co.*, 33 B.R. 847, 852 (Bankr.Colo.1983), explains that the definition of "transfer" under 11 U.S.C. § 101(54) excludes setoff and recovery of the setoff is governed by section 553(b), not § 547.

"The clear legislative intent cannot be gainsaid. Section 553(b), the insufficiency test, contains the 'special rules' and is, in essence a miniature preference provision akin to § 547(c)(5)." *Id.*

If the setoff may be recovered in this action, it must be under the provisions of § 553(a)(2) and (3). Those subsections prohibit setoffs of claims acquired from third parties or debts incurred within 90 days. In this present case, the claim of the IRS did not occur by reason of a transfer from a third party and the debt was incurred in 1980. Thus neither of the special prefer-

ence rules under § 553(b) applicable to set-off apply. By reason thereof, the Defendant is entitled to judgment as a matter of law because there has been no transfer under § 547.

IT IS ORDERED the Defendant's Motion to Dismiss the Complaint is granted and this proceeding is dismissed.