**In re Patricia SMITH.**

**Patricia SMITH, Plaintiff,**

v.

**WORTHEN NATIONAL BANK, Defendant.**

**Bankruptcy No. 91–16474S. Adv. No. 92–6510.**

United States Bankruptcy Court, W.D. Arkansas.

Sept. 4, 1992.

Jack W. Dickerson, Hot Springs, Ark., for debtor.

Kenneth Breckenridge, Hot Springs, Ark., for defendant.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the stipulations of fact and briefs of the parties. This adversary proceeding was initiated by the complaint, filed on April 3, 1992, wherein the debtor asserted that the bank had seized an account of the debtor, pre-petition, in payment of an unsecured debt. The debtor argues that inasmuch as the debt was unsecured, the funds must be returned to the debtor for distribution pursuant to the chapter 13 plan. The defendant Worthen National Bank ("the Bank") asserts that it was secured by the funds in the account such that the set off of funds was proper pursuant to 11 U.S.C. § 553. The parties have stipulated to the following facts: [1]

1. At the hearing on June 18, 1992, the parties indicated that no facts were in dispute and requested that the Court permit them to submit a joint stipulation and separate briefs. Upon this request, the parties were directed to submit the stipulation and briefs within fifteen (15) days of hearing. The bank submitted its brief on time. No other documents were submitted until the Court issued an Order to Show Cause based upon the failure of the parties to submit the stipulation and the plaintiff to submit a brief.

The plaintiff then filed its brief, but was apparently unable to obtain the signature of the defendant on a stipulation. In an apparent effort to comply with directives of the Court, the plaintiff submitted a "Proposed Stipulation" on July 22, 1992. This document was signed only by plaintiff's counsel. On July 28, 1992, the defendant submitted a "Consent to Proposed Stipulations."

Even when both parties believe that "no facts are in dispute," the matter is not under submission until such time as evidence is presented. Thus, if the parties believe no facts to be in dispute and wish to submit the matter upon stipulations, those stipulations must be submitted, signed by both parties in order for the Court to make a determination. The parties are advised that the Court not only expects compliance with its Orders, it expects compliance in a timely manner.

The relatively small amount of funds in issue do not constitute an excuse for untimely filings. Indeed, the small amount in issue in this case is a compelling reason for the parties to avoid greater expenditure of resources of the Court. In this case, this Court has been required to closely monitor the case and issue orders for failure to comply with the directives *proposed by the parties*. Given the amount in issue and the heavy docket with which this Court is bur-

"1. That the Court entered its Order of Relief on November 26, 1992.[2]

"2. That on November 6, 1992, the defendant debited the plaintiff's checking account by $364.30.

"3. That the checking account was opened several months prior to November 6, 1992.

"4. That the funds debited had been deposited in defendant's bank within one week prior to the checking account debit. (EXHIBIT A attached) [Editor's Note: Exhibit A not supplied for publication].

"5. That the funds debited were used as payment on an unsecured promissory note executed by the parties on January 6, 1992. (EXHIBIT B attached) [Editor's Note: Exhibit B not supplied for publication].

"6. That the defendant's right of set off, if any it has, is determined by the language of the contract and applicable state law."

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(E), (K). Accordingly, this Court may enter final judgment. 28 U.S.C. § 157(b)(1).

■ Recovery by a debtor of pre-petition set off is not governed by the general provision regarding recovery or transfers, *see, e.g.,* 11 U.S.C. § 547, because the statutory definition of a "transfer" excludes set off. *In re MadCat Two, Inc.,* 127 B.R. 206, 209 & n. 3 (Bankr.E.D.Ark.1991). Recovery of set off is instead governed by sections specifically governing set offs. 11 U.S.C. §§ 101(54), 547, 553(b). *In re Remillong,* 131 B.R. 727 (Bankr.D.Mont.1991).

■ Section 553 of the Bankruptcy Code preserves, and to some extent limits, the right to set off. *Madcat Two, Inc.,* 127 B.R. at 206. The Bankruptcy Code itself does not create a right to set off. *Id.* In order to determine if a creditor is entitled to exercise a right to set off, the Court must look to non-bankruptcy law to determine if a right to set off exists. *In re Knudson,* 929 F.2d 1280, 1284 (8th Cir.), *reh'd denied,* 943 F.2d 877 (8th Cir.1991); *Madcat Two,* 127 B.R. at 212. Thus, in order to maintain a set off, a creditor must not only show that the (1) debt and credit are mutual and (2) both the debt and the credit arose before the filing of the petition in bankruptcy, as required by section 553, but also that (3) there is a right to set off under nonbankruptcy law. It is this third element that is disputed by the parties.

The debtor asserts that the Bank is an unsecured creditor because the promissory note characterizes the debt as unsecured. The debtor relies upon the following language:

Security Agreement—if checked, I give you a security interest in the property described below.... Unsecured Signature Loan.

The debtor also argues that the bank does not have a valid right to set off. The bank argues that promissory note specifically grants a security interest in the funds. The language relied upon by the bank is the following:

"I acknowledge and agree that you have the right to set-off this note against any obligation you have (now or hereafter) to pay money to me."

The note further provides:

I am giving a security interest in: ... my deposit accounts and other rights to the payment of money from you.

There is no dispute in this case that the debts were mutual, arising pre-petition. The promissory note was signed on May 28, 1991, creating a debt to the bank. The debtor opened a checking account at the bank, and several months later, on November 6, 1991, the date the bank set off the funds against the note, $364.30 was on deposit in that account. The petition in bankruptcy was filed on November 26, 1991.

---

dened, the failure of the parties to comply with the directives resulted in expenditure of Court resources without cause or excuse.

**2.** The Court takes notice that the Order for Relief was in fact entered on November 26, 1991.

There are two bases for determining that the bank had, under state law, a right to set off. First, the agreement between the parties specifically provided for set off:

I acknowledge and agree that you have the right to set-off this note against any obligation you have (now or hereafter) to pay money to me.

The fact that the note was characterized generally as "unsecured" [3] does not obviate the right to set off stated under the specific terms of the note. Secondly, under state law there is a presumption that deposits create a debtor/creditor relationship between the bank and the depositor, and such relationship creates the possibility of right of set off in banks. *Dowden v. Cross County Bank (In re Brittenum & Associates, Inc.)*, 83 B.R. 574, 579 (E.D.Ark.1988), *aff'd*, 868 F.2d 272 (8th Cir.1989).

The Court finds that the bank has demonstrated a valid right to pre-petition set off. Accordingly, it is

ORDERED that judgment will be entered in favor of the defendant.

IT IS SO ORDERED.

---

**3.** The general characterization of the loan as "unsecured" is not determinative of the specific terms. The specific terms will govern interpretation of the contract. *United States v. R.D. Wilmans & Sons*, 147 F.Supp. 232 (E.D.Ark. 1956), *aff'd*, 251 F.2d 509 (8th Cir.1958). The specific terms state that the bank has a right to set-off and that the bank is secured by collateral securing other loans and deposits in accounts. To that extent, the bank is unsecured. Of course, if there are no other loans and no funds in the debtor's account, the bank is indeed unsecured.