## UNITED S. S. CO. v. BARBER.

. (Circuit Court of Appeals, Sixth Circuit.
.April 6, 1925.)

No. 4229.

1. **Master and servant** ⬤⟹284(1)—**Substantial evidence of negligence for jury.**

If there was any substantial evidence in steamship employee's action for injuries tending to prove that the defendant was guilty of all or either of the specifications of negligence alleged in the petition, and that such negligence was the proximate cause of plaintiff's injury, the motion for a directed verdict was properly overruled.

2. **Appeal and error** ⬤⟹997(3)—**Circuit Court of Appeals will not weigh evidence in reviewing District Court's refusal to direct verdict for defendant.**

In negligence case, question whether refusal to direct a verdict for defendant was error does not involve the weight of the evidence.

3. **Trial** ⬤⟹140(2)—**Truth or falsity of plaintiff's testimony is for jury, notwithstanding contradiction.**

The truth or falsity of plaintiff's testimony is a question for the jury, though testimony was specifically contradicted by a number of witnesses, who had at least equal, if not better, opportunity than plaintiff to know the facts.

4. **Appeal and error** ⬤⟹263(1) — **Error in charge to which no exceptions were taken not considered.**

Error in charge to which no exceptions were taken will not be considered.

5. **Trial** ⬤⟹145—**Objection to sufficiency of allegations not made until after evidence had been admitted without objection and court had charged thereon, held too late.**

Where defendant, without objection to sufficiency of allegations of negligence, denied specifically each assignment of negligence, and its request that court withdraw assignments of negligence from jury was not made until after evidence had been offered by both parties on issue so joined, and had been admitted without objection, and until after court had charged jury on the issue, the objection was not timely made.

6. **Pleading** ⬤⟹237(3)—**Court required to permit plaintiff to amend petition to conform to proofs, on objection made for first time after introduction of evidence and charge.**

Where objections to specifications of negligence in petition were made for the first time after all the evidence had been introduced and the court had charged the jury, it would have been court's duty, under Rev. St. § 954 (Comp. St. 1591), if petition was insufficient, to permit plaintiff to amend petition to conform to the proofs.

4 F.(2d)—40

7. **Appeal and error** ⬤⟹1170(3)—**Failure to amend petition to conform to proofs not prejudicial error, where defendant accepted issues as tendered by petition.**

Where defendant accepted issues as tendered by petition, failure to amend petition to conform to proofs would not be prejudicial error, under Judicial Code, § 269 (Comp. St. § 1246), if petition was insufficient.

In Error from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action by Jesse R. Barber, a minor, by John H. Barber, his next friend, against the United Steamship Company. Judgment for plaintiff, and defendant brings error. Affirmed and remanded.

The plaintiff below, Jesse R. Barber, brought an action against the United Steamship Company to recover damages for personal injuries sustained by him while in the employ of the defendant. On the 6th day of November, 1922, Barber, who was then about 20 years of age, was employed at Buffalo, N. Y., by the defendant as a coal passer on the steamship Progress, which left Buffalo on the date above mentioned for Duluth. The accident resulting in his injuries occurred on November 14th, when the steamship was about 6 hours out of Duluth on the return trip.

His duties were to pass coal to the fireman, to throw water on the ashes when the fireman cleaned the fires, shovel the ashes to the center of the firehold floor, break the big cinders, and shovel the ashes into the ash chute or ash gun, a device located in the engine room, used in discharging ashes from the ship. This ash chute was a funnel-shaped iron hopper, 4½ feet high, 16 inches in diameter at the top, and tapering down to about 8 inches at the bottom. An 8-inch pipe led out of the bottom of the chute at an upward angle and through the starboard side of the vessel; the outer end being about 3 feet above the loaded water line. On the port side there was a 2-inch steam pipe connected with the bottom of the chute. On this pipe was a ⅜-inch nozzle, through which the steam entered at high pressure and forced the ashes in the bottom of the chute through the 8-inch discharge pipe and overboard about as fast as they could be shoveled into the chute. The flow of steam was controlled by two valves; one near the chute, the other higher up in the boiler room. The chute was set close to the boiler room bulkhead, and the opening at the top sloped down from the bulkhead. An iron lid was hinged

at the high side of the opening. This lid was left open while the ashes were being shoveled into the chute, but at other times it was securely fastened by three hinged bolts, so positioned on the outer walls of the chute that they could be lifted into slots in the cover or lid and clamped into place by wing or butterfly nuts. There was also a gasket on the upper edge of the metal hopper, so that when the lid was screwed down it was water-tight.

When the sea was rough, and particularly when the waves rose 3 feet or more above the loaded water line, water flowed down the discharge pipe that opened through the starboard side of the ship into the ash receptacle. There was also a small hole in the bottom of the hopper into which a wooden plug was driven. This plug could be removed to allow the water that had accumulated in the hopper to flow out on the floor of the boiler room and from there into the bilges. On the morning of November 14th, Barber and the fireman on his watch came on duty at 2 a. m. It was the usual practice for the fires to be cleaned and ashes discharged as soon as each new watch comes on duty, and this was done by Barber and his fireman, but it was perhaps some two hours later before Barber undertook to discharge the ashes. It then developed that the hopper and pipe were full of water heated by escaping steam, and, when Barber lifted the lid, this hot water splashed out over him and the fireman, seriously scalding both.

The plaintiff averred in his petition that this accident, resulting in his injuries, was directly and proximately caused by the negligence of defendants, in that both hand valves in the steam line were so defective that the steam could not be entirely cut off from the hopper, even by the use of a monkey wrench. The petition also avers specific acts of negligence by defendant as follows: First, in failing to provide this plaintiff with a safe place to work; second, in having defective and leaky valves attached to this steam pipe; third, in failing to warn plaintiff of the danger of steam leaking into and heating the water in the ash receptacle; fourth, in failing to advise and inform plaintiff of a safe means of emptying scalding water from the ash receptacle; fifth, in having upon the lid of this ash receptacle a defective and rusty clamp or fastener, which prevented this plaintiff from better regulating the movement of the lid when he attempted to open it. This last assignment of negligence was taken from the jury.

The defendant's answer in substance denied that its steam line was equipped with defective and leaky valves; denied that it failed to warn the plaintiff of the danger of steam leaking into and heating the water which had been forced in the ash receptacle, and the consequences that would result if the lid of the ash receptacle was opened while the scalding water was contained therein; denied that it failed to advise and inform the plaintiff of a safe means of emptying the scalding water from the ash receptacle before he attempted to raise the lid; denied that the clamps or fasteners of the lid were in any way defective; and denied generally each and every other allegation of the petition except plaintiff's employment and injury. The defendant also averred contributory negligence and assumption of risk.

The jury returned a verdict in favor of the plaintiff. A motion for new trial was overruled, and judgment entered upon the verdict.

Theo. C. Robinson, of Cleveland, Ohio (Holding, Masten, Duncan & Leckie, of Cleveland, Ohio, on the brief), for plaintiff in error.

Edwin Drake, of Cleveland, Ohio (Ruffalo & Drake, of Cleveland, Ohio, on the brief), for defendant in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1,2] It is insisted upon the part of the plaintiff in error that the verdict and judgment are not sustained by sufficient evidence, and that for this reason the court erred in overruling defendant's motion, renewed at the close of all the evidence, for a directed verdict. This question does not involve the weight of the evidence. If there was any substantial evidence tending to prove that the defendant was guilty of all or either of the specifications of negligence alleged in the petition, and that such negligence was the proximate cause of defendant's injury, then the motion for a directed verdict was properly overruled.

[3] The testimony of the plaintiff himself fully supports the verdict and judgment. Its truth or falsity was a question for the jury. In this connection it is urged on behalf of the plaintiff in error that the testimony of the plaintiff, in all matters material to a recovery, is specifically contradicted by a number of witnesses who had at least equal, if not better, opportunity than plaintiff to know the facts. This has no application to

the sufficiency of the evidence, but, on the contrary, involves the question of the weight of the evidence, and for that reason cannot be considered or determined by this court. Goodwin et al. v. U. S., 2 F. (2d) 200 (C. C. A. 6).

[4] It is further contended that the court erred in its charge to the jury in reference to the alleged failure of the defendant to instruct the plaintiff as to the manner and method of performing his duties and its failure to apprise him of all the dangers or hazards, if any there were, incident to the work he was employed to do. No exceptions were taken to the charge in this respect, and for that reason this assignment of error must be disregarded. Substantially the same question is presented, however, in the defendant's request to charge, in effect, that the plaintiff could not recover upon any assignment of negligence, other than leaky and defective valves. This request was refused and exceptions noted.

[5] The defendant, without objection to the sufficiency of the allegations of negligence in the petition, denied specifically each and every assignment of negligence contained therein. Upon the issue so joined, evidence offered by both plaintiff and defendant was properly admitted, tending to prove the plaintiff's experience or lack of experience, his knowledge or lack of knowledge of the dangers incident to his employment, whether he had been fully advised by the plaintiff in reference to these dangers, if any, and the manner and method by which he might perform these duties with comparative safety to himself. It was not until after all this evidence had been offered and admitted without objection, and the court had charged the jury in reference to the matters to which this evidence was directed, that the defendant by this request asked the court to withdraw all assignments of negligence from the jury, except the question of defective valves. The objection to the sufficiency of these allegations of negligence was not timely made.

[6, 7] If there was any merit in the objections of the defendant to the sufficiency of the petition as to these other specifications of negligence, made for the first time after all the evidence had been introduced and the court had charged the jury, it would have been the duty of the court to permit the plaintiff to amend his petition to conform to the proofs. R. S. § 954 (Comp. St. § 1591). In view of the fact that defendant had accepted the issues as tendered by the petition, this was unnecessary, and certainly the failure of the court to do so would not be prejudicial error. Section 269, Judicial Code. (Comp. St. § 1246).

The judgment is affirmed, with costs, and cause remanded.