ATCHISON, T. & S. F. RY. CO., v. CONDOS.

Circuit Court of Appeals, Eighth Circuit.
January 14, 1929.

No. 7946.

E. E. McInnis, of Chicago, Ill., W. W. Grant, Jr., Erl H. Ellis, Morrison Shafroth, and Henry W. Toll, all of Denver, Colo., for plaintiff in error.

John J. Morrissey, William H. Scofield, and Harold G. King, all of Denver, Colo., for defendant in error.

Before BOOTH and COTTERAL, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge. Plaintiff in error was defendant in the trial court, and defendant in error was plaintiff. These designations will be used in this opinion.

Claiming that she had been wrongfully and with undue force ejected from one of defendant's passenger trains, plaintiff sued for damages, and was awarded a verdict in the sum of $1,500. The trial judge required a remittitur of $300, and entered judgment for $1,200. From this judgment defendant has brought error.

On the 23d of June, 1927, defendant was engaged in carrying passengers for hire over its line of railway between the cities of Pueblo, La Junta, Caddoa, and Lamar, in the state of Colorado. In traveling from Reno, Nev., on said date, plaintiff became a passenger on one of defendant's trains at Pueblo, bound for Caddoa as her destination. The train on which she took passage at Pueblo was not scheduled to stop at Caddoa, although she had bought a ticket for that point.

The evidence was in sharp conflict as to whether plaintiff was advised that the train would not stop at Caddoa before she went aboard. Her testimony was that she was not so advised. Witnesses for the railroad company testified to the contrary. Moreover, they said she was told that she could not be discharged from the train at Caddoa. It was in evidence that the conductor suggested that she either leave the train at a regular stopping place before arriving at Caddoa, or at Lamar, some distance beyond Caddoa. Whatever the facts in this regard, plaintiff remained on the train until its arrival at Lamar.

A controversy arose between plaintiff and the employees of defendant as to where she should get off. When the train arrived at Lamar, a police officer came on the train to aid the conductor and other employees in removing plaintiff from the train. Plaintiff had apparently refused to get off. It was undisputed that plaintiff was forcibly ejected. She claims she was dropped by the employees upon the steps of the coach in such a way as to cause her to fall and that as a result she suffered injuries.

The defendant claims that plaintiff's own conduct in resisting her removal and ejectment from the train was responsible for her fall and resultant injuries. The defendant claims that plaintiff fell when she attempted to kick one of defendant's employees with both feet, while being escorted from the train by the conductor and police officer.

Plaintiff says that she was struck in the face by an employee, that she was dropped on the steps of the coach, and that the peace officer who became an agent of the defendant stepped on one of her limbs, injuring it. There is no disagreement as to what the evidence was on the respective sides. Plaintiff alone, on her side, testified to what occurred at the time of her injury. Many witnesses testified for the defendant that plaintiff's fall was occasioned by her own conduct. This question was submitted to the jury on instructions satisfactory to both the parties, and the jury, as stated, awarded a verdict in favor of plaintiff.

The only complaint made upon this record is that the evidence on behalf of the plaintiff was insufficient to support the verdict, and that the trial judge should have directed a verdict for the defendant.

1. There was a sharp conflict between the testimony of plaintiff and defendant as to the cause of plaintiff's falling. If plaintiff's statements were true, then unquestionably defendant's employees had used undue force, and she was entitled to recover. If the evidence on the part of the defendant was true, then plaintiff's own fault occasioned her injury, and she was not entitled to recover. Upon this sharp and well-defined conflict in the evidence the jury believed the plaintiff, although a large number of witnesses flatly contradicted her, and supported the theory of the defendant.

The rule is well established that the court should never withdraw a question from the jury, unless "all reasonable men, in the honest exercise of a fair, impartial judgment, would draw the same conclusion from the facts which condition the issue." Hobbs v. Kizer (C. C. A.) 236 F. 681; Delk v. St. Louis & San Francisco R. R. Co., 220 U. S. 580, loc. cit. 587, 31 S. Ct. 617, 55 L. Ed. 590. On motion for a directed verdict, the court must take the view most favorable to the adverse party. Southern Ry. Co. v. Gadd (C. C. A.) 207 F. 277. And "if there is a conflict of the evidence or inferences a verdict should not be directed." 26 Ruling Case Law, p. 1068.

The fact that one witness is contradicted by many other witnesses does not make the weight of the evidence so decidedly preponderant in favor of one side that a verdict contrary to it would be set aside. In Bullock v. United States, 289 F. 29, the Circuit Court of Appeals, Sixth Circuit, said in respect of this matter, in a criminal case: "In our opinion defendant's contention of lack of evidence to support his conviction of conspiracy * * * cannot be sustained. If the jury believed the testimony of one of the

government's witnesses there was substantial evidence tending to sustain that charge. It was for the jury to pass upon the facts."

In United S. S. Co. v. Barber, 4 F.(2d) 625, loc. cit. 626, the Circuit Court of Appeals of the Sixth Circuit in a similar situation ruled as follows: "The testimony of the plaintiff himself fully supports the verdict and judgment. Its truth or falsity was a question for the jury. In this connection it is urged on behalf of the plaintiff in error that the testimony of the plaintiff, in all matters material to a recovery, is specifically contradicted by a number of witnesses who had at least equal, if not better, opportunity than plaintiff to know the facts. This has no application to the sufficiency of the evidence, but, on the contrary, involves the question of the weight of the evidence, and for that reason cannot be considered or determined by this court."

2. The case was properly submitted to the jury and its determination of the question of fact is conclusive upon this court and must be accepted by it. Section 879, title 28, United States Code Annotated, forbids the reversal of a case "for any error in fact." In the Hobbs Case, supra, Judge Trieber, speaking for the Court of Appeals, Eighth Circuit, used the following language: "It is not claimed that the trial judge committed any error in his charge to the jury, and the jury's finding of facts on conflicting evidence is conclusive." To the same effect is the rule announced in Fleischmann Malting Co. v. Mrkacek (C. C. A.) 14 F.(2d) 602; United S. S. Co. v. Barber, supra; Canal Construction Co. v. Henson (C. C. A.) 280 F. 98; Goodwin et al. v. United States (C. C. A.) 2 F.(2d) 200.

It follows from the foregoing that the judgment of the trial court should be affirmed.