## MUTUAL LIFE INS. CO. OF NEW YORK v. STILL.

### No. 10174.

Circuit Court of Appeals, Eighth Circuit.

Aug. 15, 1935.

David A. Fitch, of Omaha, Neb. (Frederick L. Allen, of New York City, and Norris Brown and Ralph M. West, both of Omaha, Neb., on the brief), for appellant.

Max Kier and John J. Ledwith, both of Lincoln, Neb., for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment in an action at law brought by Josephine L. Still, as plaintiff, against the Mutual Life Insurance Company of New York, as defendant, to recover double indemnity

under two policies of insurance issued by the company upon the life of her husband. One of the policies was for $2,000, and the other for $3,000, and each of them provided that if there was received at the home office of the insurer due proof that the death of the insured resulted directly from bodily injury received after the date of issue of the policy, independently and exclusively of all other causes, and that such bodily injury was effected solely through external, violent, and accidental means, and that such death occurred within sixty days after the date of such bodily injury, the Insurance Company would pay to the beneficiary double the face of the policy. Each policy also provided that the double indemnity for accidental death was not to be payable in the event the insured's death resulted "directly or indirectly from bodily or mental infirmity or disease of any sort."

The record indicates that many of the facts in this case are not in dispute. The insured died on December 27, 1930. The policies were in full force at that time. Proofs of death were duly furnished. The insured on November 19, 1930, had an accident. In entering a building through a window he stepped upon a table, which shot out from under him, throwing him heavily upon his back onto a cement floor. He was then about fifty-four years of age, some five feet eight inches tall, and weighed approximately one hundred and eighty pounds. He had always apparently been well and vigorous and was actively engaged in his business as a roofing contractor. Immediately after the accident, he had the appearance of being in pain. He did not walk naturally, and gave indications that his back was bothering him. He did not regain his normal condition of health after the accident. Within a few days he became acutely ill and vomited. About a week after the accident a doctor was called. The insured lost his appetite and was not as active as formerly, although he attended to some business. On December 15, 1930, purple spots were seen on his legs and marks on his back. His hands and feet were then swollen, and he was taken to the hospital for observation, where he grew steadily worse and finally died while undergoing an operation to relieve an accumulation of gas. He died of a degeneration of the liver, causing purpura, which appears to be a breaking down of the blood vessels resulting in hemorrhages throughout the body. He had a chronic inflammation of the gall bladder and gallstones. This gall-bladder condition was apparently of long standing.

Upon the trial, which was to a jury, the three doctors who testified as experts for the plaintiff gave it as their opinion that the degeneration of the liver which caused the death of the insured was due solely to the accident, and that the chronic gall-bladder condition neither caused nor contributed to the death. On the other hand, the two doctors who testified as experts for the defendant expressed the opinion that the liver degeneration was caused by infection from the diseased gall bladder, and not by the accident. All the medical witnesses admitted that there was such a thing as traumatic purpura and such a thing as purpura caused by infection. The question of fact in the case, then, was whether the degeneration of the liver which was the cause of the death of the insured was due solely to the accident, or whether it was caused, in whole or in part, by the gall-bladder condition.

At the close of all of the evidence, the defendant moved for a directed verdict. This motion the court denied. The only issue of fact was clearly and concisely submitted to the jury, and they found for the plaintiff.

The court below, pursuant to a statute of Nebraska, allowed the plaintiff $1,000 as a reasonable attorneys' fee, and the judgment was thereupon entered from which this appeal is taken.

Three questions are presented:

1. Was the defendant entitled to a directed verdict?

2. Was it error for the court to refuse certain instructions requested by the defendant?

3. Was the allowance of $1,000 as an attorneys' fee excessive.

1. The defendant argues that, under the terms of its policy, even if the accident was the sole cause of the degeneration of the liver which resulted in the insured's death, still it (the defendant) was not liable for double indemnity, since the degeneration of the liver was a disease and therefore the death was one which resulted "directly or indirectly from bodily * * * infirmity or disease."

■ The language of the policy upon which the defendant relies does not warrant this construction. It is, we think, to be regarded merely as additional notice to the insured that the double indemnity provision of the policy relates only to death the sole proximate cause of which is an accident, and that double indemnity will not be paid where a disease ·not caused by the accident is, .in whole or in part, responsible for the death. The language cannot be regarded as excluding from double indemnity coverage a death resulting from a disease directly and solely caused by an accident, such, for instance, as death from peritonitis following and caused by a gunshot wound. After having promised double indemnity for accidental death, it would take clear and precise language to limit the coverage of the policy to only such a death as was caused by an accident which produced no condition recognized as disease. This question must be ruled against the defendant upon the authority of the following cases: Kerns v. Ætna Life Ins. Co. (C. C. A. 8) 291 F. 289, 292; Ætna Life Ins. Co. v. Allen et al. (C. C. A. 1) 32 F.(2d) 490, 494; National Masonic Acc. Ass'n of Des Moines v. Shryock (C. C. A. 8) 73 F. 774, 775; Western Commercial Travelers' Ass'n v. Smith (C. C. A. 8) 85 F. 401, 404, 40 L. R. A. 653; Preferred Accident Ins. Co. of New York v. Combs (C. C. A. 8) 76 F.(2d) 775, 780; Standard Accident Ins. Co. v. Rossi (C. C. A. 8) 35 F.(2d) 667, 672; Travelers' Ins. Co. of Hartford v. Melick (C. C. A. 8) 65 F. 178, 27 L. R. A. 629.

The cases of Lincoln National Life Ins. Co. v. Erickson (C. C. A. 8) 42 F.(2d) 997, and Connecticut General Life Ins. Co. of Hartford, Conn., v. Allen (C. C. A. 8) 64 F.(2d) 840, relied on by the defendant, are not in conflict with the views we have expressed. Those cases dealt with the sufficiency of the evidence to prove that accidental injury was the cause of death.

■ The defendant's second contention is that the verdict cannot stand, because the only inference which can properly be drawn from the evidence is that the gall-bladder condition was either the sole or a contributing cause of death. The foundation for this contention is mainly that two of the plaintiff's experts had, prior to the time of trial, expressed opinions that the gall-bladder condition either caused or contributed to the death of the insured. Upon the trial they said that further consideration and study had caused them to change their views. The fact that their testimony on the trial was in conflict with testimony or statements previously given by them had a bearing only upon the credibility of these witnesses and the weight of their evidence, which were for the jury to pass upon. New Amsterdam Casualty Co. v. Iowa State Bank (C. C. A. 8) 1 F.(2d) 196, 198; Yellow Cab Co. of Philadelphia v. Kelly (C. C. A. 3) 62 F.(2d) 1032, 1033.

■ The mere fact that an insured has a disease at ·the time of an accident does not prevent a recovery for accidental death if the disease has no causal connection with the death. Metropolitan Life Ins. Co. v. Siebert et al. (C. C. A. 8) 72 F.(2d) 6, 7; Preferred Accident Ins. Co. of New York v. Combs (C. C. A. 8) 76 F.(2d) 775, 780, supra. ·The death of a tubercular insured beneath the wheels of a train would be an accidental death, and not one caused, directly or indirectly, by tuberculosis.

■ In this case, the expert testimony was directly in conflict. The court below could not say, nor can we say, that it conclusively appears from the medical evidence that the degeneration of the insured's liver was not due to the accident, but was caused, in whole or in part, by infection from the gall bladder. The existence of the disease and the causes of the disease were medical questions. United States v. Clapp (C. C. A. 2) 63 F.(2d) 793, 794; Ætna Life Ins. Co. of Hartford, Conn., v. Kelley (C. C. A. 8) 70 F.(2d) 589, 593, 93 A. L. R. 471.

■ Whether the death of the insured was caused solely by the accident or wholly by the diseased gall bladder, or partly by the accident and partly by the diseased gall bladder, was, under the evidence, clearly for the jury to determine, and the jury's finding is conclusive. Atchison, T. & S. F. Ry. Co. v. Condos (C. C. A. 8) 30 F.(2d) 669, 671; Illinois Power & Light Corporation v. Hurley et al. (C. C. A. 8) 49 F.(2d) 681, 686; Concordia Fire Ins. Co. of Milwaukee v. Commercial Bank of Liberty, Mo. (C. C. A. 8) 39 F.(2d) 826, 830; Preferred Accident Ins. Co. of New York v. Combs (C. C. A. 8) 76 F.(2d) 775, 784, supra.

**2.** The defendant complains of the refusal of three requested instructions. The substance of the first request was that the jury be instructed that if the insured, at the time of his death and prior thereto, was suffering from a disease of the gall bladder which was not caused or brought about by the alleged accident, and which disease contributed in some degree to his death, the verdict should be for the defendant. The substance of the second request was that the jury be instructed that the fact that the insured sustained an accident on the 19th day of November, 1930, and thereafter became ill and died, does not of itself prove that his death was caused by accident. The substance of the third request was that the jury be charged that if the insured was suffering from a diseased condition not the result of his accident, which diseased condition contributed in even the slightest degree to his death, although not the principal contributing cause thereof, the plaintiff could not recover.

The court charged the jury as follows: "Now, upon the principal issue that I have referred to, in order for the plaintiff to recover upon the double indemnity provisions of the policies, the burden of proof is on the plaintiff in this case to prove by a preponderance of the evidence that the death of Joseph H. Still was the result of a bodily injury effected solely through external, violent and accidental means, and that such death occurred within sixty days after the date of the bodily injury, and that such bodily injury resulted in the death of Mr. Still, and that nothing else either caused or contributed in any degree to the death, and unless the plaintiff has sustained such a burden of proof your verdict should be for the defendant. If Mr. Still sustained an accident, but at the time it occurred he was suffering from a pre-existing disease or bodily infirmity, and if the accident would not have caused his death if he had not been affected with the pre-existing disease or infirmity, but he died because the accident aggravated the effects of the pre-existing disease or bodily infirmity, or because the pre-existing disease aggravated the effects of the accident, then the defendant would not be liable under the double indemnity provision of the policies, because in such a case the death would be caused partly by disease and partly by accident. But even if the death was caused by a disease, which disease was not the result of any other bodily infirmity or disease in existence at the time of the accident, but which disease was itself caused by the external, violent and accidental means which produced the bodily injury, the defendant would be liable to pay the double indemnity because in such case the disease was the effect of the accident."

█ This instruction clearly, concisely, completely, and accurately presented to the jury the only question of fact in this case. It covered, so far as was necessary, the instructions requested by the defendant. The court might have told the jury that the mere happening of the accident, followed by the death of Mr. Still, was not sufficient to justify a verdict, but was not required to do so. The plaintiff was not claiming the right to recover because of the proof of those facts alone, and the court had informed the jury exactly what she was required to prove before she could have a verdict.

█ **3.** The contention is that the allowance of $1,000 as an attorneys' fee was excessive. The defendant was entirely justified in defending this case. It could hardly have done otherwise, in view of the death certificate, the proofs of loss, the report of the physician who performed the autopsy, and the first opinions of the attending physicians, all of which indicated that the gall-bladder condition had at least contributed to the death. There were two trials, the first of which resulted in a disagreement. The defendant never disputed its liability for the face of the policies, so that $5,000 was the entire amount in controversy. While we are not fully convinced that the allowance to the plaintiff of $1,000 as an attorneys' fee constituted an abuse of discretion, we think the court below might well have allowed a lesser amount. By denying the plaintiff's application to this court for an additional allowance for attorneys' fees on this appeal, we think any possible injustice done to the defendant in this regard will be corrected.

The application of the plaintiff for additional attorneys' fees is denied, and the judgment appealed from is affirmed.