## CHICKASAW WOOD PRODUCTS CO. v. PAYSINGER et al.
### No. 10542.

Circuit Court of Appeals, Eighth Circuit.

June 22, 1936.

J. S. Allen, of Memphis, Tenn., and H. M. Cooley, of Jonesboro, Ark. for appellant.

Oscar E. Ellis, of Salem, Ark., for appellees.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is a suit in equity brought by appellant against J. C. Craeger and O. B. Alewine, doing business as the A-C Hardwood Company, and others. Jurisdiction is based upon diversity of citizenship.

Plaintiff seeks relief in the way of accounting; specific performance of a certain contract between plaintiff and the A-C Hardwood Company; appointment of a receiver; an injunction; and the establishment of a lien upon certain property consisting of staves, heading, etc., to be manufactured under said contract by said hardwood company and to be sold to plaintiff; also general equitable relief.

It will not be necessary to go into the details of the contract, referred to.

A receiver in equity was appointed by the court for the property of the hardwood company, and a restraining order was issued against J. C. Craeger and O. B. Alewine and their agents and employees to prevent interference with the receiver.

Other creditors of the hardwood company, including W. E. Paysinger, to the number of 69, were allowed to come into the suit and set up their claims.

A special master was appointed May 28, 1934, for the purpose of taking proof with reference to said claims and the objections filed thereto. Said special master by the order of his appointment was "directed to make a finding in this cause of all issues of fact and law and to report his findings to this court with the evidence taken."

December 10, 1934, the special master filed his report.

July 22, 1935, exceptions to the report were overruled and the report confirmed.

September 27, 1935, a decree was entered which also approved the findings of the special master, and which contained the following:

"The court further finds that in a former finding of this court of date May 28, 1934, at Batesville, Arkansas, it was

determined and found there is still due and unpaid to the complainant, Chickasaw Wood Products Company from the defendants, A-C Hardwood Company the sum of $2,346.77, and that the court now finds said sum should be classed with the claims last above herein listed, mentioned and set out, as no lien claims but common claims. * * *

"It is, therefore, by the court, considered, ordered and adjudged that the Receiver herein be and he is hereby directed to pay said lien claims herein allowed on a pro rata basis from such funds as he may have in his hands, less the expenses of receivership, and then if there are any funds left after paying the said claims hereinabove provided for that he pay on a pro rata basis the claims last hereinabove set out and listed as no lien or common claims."

No stay of the execution of said decree was, so far as the record shows, either granted or asked.

October 26, 1935, the receiver made his final report showing receipts and disbursements, and balance of $11.33 on hand; and closed his report as follows:

"Your receiver, having completed his duties as such receiver, and having disbursed all of the funds in his hands in accordance with the order of the court made July 22, 1935, and entered September 27, 1935, prays that his report as such receiver be approved and that he be discharged as such receiver and that the surety on his bond be discharged and released.

"J. Q. Lane, Receiver."

November 25, 1935, a petition for appeal from the decree of September 27, 1935, was filed by the appellant Chickasaw Wood Products Company, and the petition was granted the same day.

The first inquiry which arises on this appeal is whether the record is in such condition that we can examine and pass upon the questions raised by the appeal.

█ It is true that we are to try the case de novo, but we are to try it upon the same evidence that was before the lower court.

█ Equity Rule 75 (b), 28 U.S.C.A. following section 723, provides for reduction of the testimony to narrative form, and for approval of the statement of evidence by the court or judge.

In the case at bar there is no such reduction, and there is no certificate of the judge. There is simply what purports to be a portion of the testimony taken before the special master.

The special master made no certificate or statement that this testimony is true and correct, or that it is all, or the substance, of the testimony taken before him. There is a similar omission by the trial judge in reference to the testimony before him.

There is, therefore, a failure to include in the transcript an approved statement of the evidence as required by Equity Rule 75 (b).

In the case of Oriole Phonograph Co. v. Kansas City Fabric Products Co., 34 F.(2d) 400, 401, where a similar situation arose, this court speaking by Judge Gardner said:

"In the condition of the record, this court has no way of determining what evidence was before the lower court, and hence must indulge the presumption that the court's findings were supported by the evidence. Carson v. Hurt (C.C.A.) 250 F. 30; Buessel v. U. S. (C.C.A.) 258 F. 811; Equity Rule 75 (see 28 U.S.C.A. following section 723).

"The order and judgment appealed from are sustained by the findings, and the findings are presumed, in the absence of an approved statement of the evidence, to have been sustained by the evidence."

See, also, Barber Asphalt Paving Co. v. Standard Asphalt & Rubber Co., 275 U.S. 372, 48 S.Ct. 183, 72 L.Ed. 318; Roosevelt v. Missouri State Life Ins. Co., 70 F.(2d) 939 (C.C.A.8); Title & Trust Co. v. Wernich (C.C.A.) 68 F.(2d) 811; Woods v. First Nat. Bank (C.C.A.) 16 F.(2d) 856.

We think the foregoing authorities are controlling and that the decree appealed from should be affirmed. It is so ordered.