## GASIFIER MFG. CO. v. GENERAL MOTORS CORPORATION.

### No. 12569.

Circuit Court of Appeals, Eighth Circuit.

Oct. 25, 1943.

Rehearing Denied Nov. 16, 1943.

Orla M. Hill, of Clayton, Mo. (Jesse L. England, of Clayton, Mo., and Robert M. Vaughan, of Washington, D. C., on the brief), for appellant.

Drury W. Cooper, of New York City (Allan C. Bakewell, of New York City, and John S. Leahy and William O'Herin, both of St. Louis, Mo., on the brief), for appellee.

Before SANBORN and RIDDICK, Circuit Judges, and LEMLEY, District Judge.

SANBORN, Circuit Judge.

The question for decision is whether there is a sufficient evidentiary basis to support a judgment in favor of the appellee, determining the invalidity of two patents issued to Maurice O. Smith, No. 1,405,633, applied for January 25, 1918, and issued February 7, 1922, and No. 1,-477,724, applied for January 26, 1920, and issued December 18, 1923, relating to improvements in fuel vaporizers or heaters to be used with the carburetors of internal combustion engines.

In its complaint, the plaintiff (appellant) alleged ownership of the patents in suit, charged that the defendant (appellee) had infringed each of them, and prayed for damages. In its answer, the defendant denied infringement, and asserted the invalidity of the patents, and that the plaintiff had been guilty of laches in bringing its action. The court severed the issues and tried the issue of validity without a jury.

At the trial, the plaintiff introduced in evidence the patents in suit, and rested. The defendant, to sustain its burden of establishing the invalidity of the patents, introduced in evidence the file wrapper and contents of each of the patents in suit; patent to Bennett No. 1,463,035, together with its file wrapper and contents; patent

to Sykora No. 1,099,271; patent to Russell No. 1,153,448; patent to Hickox No. 1,238,404; patent to Hoag et al. No. 1,303,559; Canadian patent to Loomis No. 182,687; and a manifold manufactured for Ford Model T engine. The purpose of these exhibits was to show the state of the art prior to Smith's alleged inventions and that the subject matter of his patents was old and was covered, in whole or in part, by earlier patents and by other prior art disclosures, and did not involve invention. The defendant also introduced expert testimony explanatory of its documentary evidence and exhibits and to show that the alleged inventions of Smith had been anticipated and were devoid of patentable novelty or usefulness, that the two Smith patents failed sufficiently to describe the alleged inventions, and that the alleged inventions were merely aggregations of old elements, and were not patentable combinations.

In rebuttal, the plaintiff introduced expert evidence tending to show that, while the elements of Smith's alleged inventions were old, his combinations of known elements produced new and useful results and constituted advances over the prior art.

In its findings of fact and conclusions of law, the District Court determined: (1) That the Bennett patent No. 1,463,035, applied for March 1, 1917, and issued July 24, 1923, shows and describes every element of the invention claimed by Smith in patent No. 1,405,633; and that the plaintiff had made no attempt to establish a date of invention for either of the patents in suit prior to the filing dates of the applications for those patents. (2) That each of the elements of the claims of the patents in suit was old in the art prior to the dates of the filing of the applications for the patents, and that one or more of such elements are disclosed in each of the patents introduced in evidence by the defendant. (3) That each of the claims of Smith patent No. 1,477,724 contains as an element a valve for permitting the introduction of air, which element was not included in the specifications and claims of the application, and was inserted in the claims subsequently by amendment not accompanied by the oath of the applicant that he was the inventor of the subject matter. (4) That the defendant had sustained the burden of establishing the invalidity of the patents in suit. (5) That Bennett, the patentee of patent No. 1,463,035, is the prior inventor of the subject matter of the claims of the Smith patent No. 1,405,633. (6) That Smith patent No. 1,405,633 is invalid for failure to adequately describe the invention claimed. (7) That the claims of each of the patents in suit "do not embrace subject matter which is novel and patentable over the prior art in evidence and are therefore invalid for lack of patentable invention." (8) That the claims of Smith patent No. 1,477,724 are for an unpatentable aggregation of elements, and are invalid.

Upon these findings and conclusions, judgment was entered for the defendant. The plaintiff has appealed from the judgment.

The plaintiff challenges the sufficiency of the evidence to support the judgment and each of the adverse findings and conclusions of the District Court. The plaintiff asserts that, under the law and the evidence, the judgment should have been in its favor. It concedes that the questions whether the subject matter of the patents in suit involved invention or mechanical skill and whether the invention was sufficiently described and claimed, were questions of fact. It is difficult, however, to determine whether its contention is that there was no evidence to support the findings and judgment or whether it is asserting that the court decided incorrectly questions of fact which, under the evidence, the court had power to determine.

In its brief, the plaintiff says: "The question of whether or not the construction of the device represented by the patents in suit were a matter of skill or invention, was a question of fact for a jury to determine, according to the United States Supreme Court in the case of Thompson Spot Welder Co. v. Ford Motor Co., supra [265 U.S. 445]. The fact remains, however, that in so far as this record shows the patentee of the patents in suit was one of a large number seeking to accomplish the very thing that was accomplished by the invented combination, construction and functional operation thereof, to the end that it did produce an improved result. Likewise, the question of whether or not patent No. 1,405,633, in suit, describes the invention in such full, clear, concise and exact terms as to enable any person skilled in the art to construct the same, was a question of fact for a jury to determine and it was error for

the Court to undertake to determine that question without a jury."

This would seem to be a concession that if the case had been tried to a jury, the questions whether the subject matter of the patents in suit was the result of invention or of mechanical skill, and whether the inventions were sufficiently described, would have been questions of fact for the jury. In a jury-waived case, the court is the trier of fact questions, and its determination of them, "unless clearly erroneous," is as conclusive upon review as is the verdict of a jury. The rule applicable to a review of such questions as are here presented was stated by this court in Strong-Scott Mfg. Co. v. Weller, 8 Cir., 112 F.2d 389, 395 (a case not unlike this case, except that the findings were in favor of the owner of the patent), as follows: "The defendants contend, however, that what the patent disclosed did not constitute invention. That presented a question of fact to be determined by the court below (Keyes v. Grant, 118 U.S. 25, 36, 6 S.Ct. 974, 30 L.Ed. 54; Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098; Wire Tie Mach. Co. v. Pacific Box Corp., 9 Cir., 102 F.2d 543), and its determination in that regard will not be set aside unless clearly erroneous. Tyng v. Grinnell, 92 U.S. 467, 23 L.Ed. 733; Wright-Blodgett Co. v. United States, 236 U.S. 397, 402, 35 S.Ct. 339, 59 L.Ed. 637; Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098."

■ A finding of fact of a district court is not clearly erroneous unless it is (1) unsupported by substantial evidence, (2) contrary to the clear weight of the evidence, or (3) induced by an erroneous view of the law. Ætna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1, 4, 5; Kauk v. Anderson, 8 Cir., 137 F.2d 331, 333.

■ The contention of the plaintiff that the court erred in not having the issue of invalidity tried by a jury, is without merit. The record does not show that there was any demand for a jury trial, and, under Rules 38(d) and 39(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the case was properly tried as a jury-waived case.

It is, of course, apparent that if the District Court was justified in finding that the patents in suit were invalid for lack of patentable invention, it will be unnecessary to consider the question of the sufficiency of the evidence to sustain the other findings which are challenged.

■ Our examination of the record convinces us that, under the evidence, the determination of the District Court that no invention was involved in the subject matter disclosed and claimed in the Smith patents, was a permissible conclusion, and is binding upon this court.

Both of the patents in suit related to manifolds for internal combustion engines, and the purpose of both was to provide a structure or device for vaporizing kerosene or heavy oil for use in such engines. The second Smith patent (No. 1,477,724) virtually included the subject matter of the first Smith patent (No. 1,405,633) with some improvements and additions. The combination disclosed by the second Smith patent (No. 1,477,724) can be gathered from claim 2 of that patent, which reads as follows: "2. A vaporizer for internal combustion engines comprising a combined intake and exhaust manifold integrally formed, the exhaust portion of the manifold having upper and lower passages connected together at each end, an enlargement formed in the lower passage of the exhaust manifold midway its ends, an intake portion formed integral with the exhaust portion and lying almost wholly within the lower passage, a bowl-shaped enlargement formed integral with said intake portion and lying within the enlargement formed in the lower passage so that said upper and lower exhaust passages will be of approximately the same area thus preventing back pressure, an elbow formed integral with the bowl-shaped enlargement and extending below the manifold, said elbow provided with a flange for the attachment of a carbureter, a screw threaded outlet formed at one end of the manifold for receiving an exhaust pipe, an adjustable valve located in the upper exhaust passage adjacent the outlet for controlling the passage of gases through said upper and lower passages, means for holding the valve in set position, ports formed integral with the exhaust and intake passages, said ports adapted to correspond with the exhaust and intake ports of an internal combustion engine, a valve controlled means for permitting the introduction of air into the bowl-shaped enlargement of the intake portion, and means for securing said manifold to an internal combustion engine."

What Smith did was to combine, in one casting, the exhaust manifold and the intake manifold of an internal combustion engine, so as to provide for heating with the exhaust gases from the engine the intake manifold and particularly a bowl-shaped enlargement of the intake pipe or riser of that manifold. He provided a valve in the exhaust portion of the manifold as a means for controlling the amount of heat applied to the bowl-shaped enlargement. He also provided an elbow in the intake pipe near its point of attachment to the carburetor, a petcock in the intake manifold to permit priming or the admission of air, and a clean-out door for cleaning carbon from around the bowl-shaped enlargement.

The evidence of the defendant unquestionably tended to show that there was nothing new or useful in Smith's conception of combining the exhaust manifold and the intake manifold so as to apply heat to the intake riser of the intake manifold or to an enlargement of it, or in using an elbow on the intake pipe or riser, or in supplying a valve in the exhaust portion of the manifold to regulate the flow of the exhaust gases past the parts of the intake manifold to be heated, or in providing a clean-out door to remove carbon deposits; and that every element of Smith's claims which reasonably might be regarded as a co-acting element of his combinations was disclosed in the combination described in the application for the patent to Bennett, which application antedated the application for the first Smith patent (No. 1,405,633).

The documentary and expert evidence introduced by the defendant constituted a sufficient evidentiary basis for a finding that the Smith patents were void for lack of invention.

It is true that the testimony of the plaintiff's expert indicated that Smith's combinations produced a new and useful "parabolic volumetric turbulence" of the mixture drawn from the carburetor into the intake manifold, which was not produced by any similar device known to the prior art. There was no suggestion contained in the applications for the Smith patents that his combinations would produce or were intended to produce such a turbulence or to do anything more than provide a means for drying out the fuel mixture drawn from the carburetor, thereby creating a dry gas suitable for use in the engine.

■ The credibility of expert witnesses and the weight of expert testimony is ordinarily for the trier of the facts to determine. Mutual Life Ins. Co. of New York v. Still, 8 Cir., 78 F.2d 748, 750; London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325, 337; Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441, 445.

■ The plaintiff contends that the District Court erred in considering the application for the Bennett patent as an anticipation of the Smith patents and as prior art, because the Bennett patent was not issued until subsequent to the filing of the applications for the patents in suit. The disclosure in the application for the Bennett patent was not relied upon by the defendant nor by the District Court except as indicating that Smith was not the first inventor of the subject matter of the claims of his patents, and that his combinations were not the result of invention. The Bennett application was competent defensive matter. See Alexander Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 401, 402, 46 S.Ct. 324, 70 L.Ed. 651; Electrol, Inc., v. Merrell & Co., Inc., 8 Cir., 39 F.2d 873, 877; Denaro v. Maryland Baking Co., D.C., 40 F.2d 513, 515, affirmed, 4 Cir., 50 F.2d 1074. We think that, in view of the disclosures of the Bennett application and of the prior art patents in evidence, it is extremely doubtful that a finding that Smith's combinations resulted from anything more than mechanical skill could be sustained.

Our conclusion is that the determination by the District Court that the patents in suit were invalid for lack of invention was justified by the evidence. Whether there was sufficient evidence to sustain the other findings and conclusions which are challenged, it is unnecessary to decide.

The judgment is affirmed.