**DIERKS LUMBER & COAL COMPANY,
a corporation, Appellant,**

v.

**J. A. BARNETT, Appellee.**

**No. 15206.**

United States Court of Appeals
Eighth Circuit.

April 29, 1955.

Cooper B. Land, Hot Springs, Ark. (Louis L. Poplinger, Fielding H. Lane, Kansas City, Mo., Wootton, Land & Matthews, Hot Springs, Ark., and Watson, Ess, Marshall & Enggas, Kansas City, Mo., were with him on the brief), for appellant.

Phillip Carroll, Little Rock, Ark. (Rose, Meek, House, Barron & Nash, Little Rock, Ark., were with him on the brief), for appellee.

Before SANBORN, COLLET and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

The Dierks Lumber & Coal Company, a Delaware corporation doing business in Arkansas, brought this action in the

federal District Court against J. A. Barnett and M. H. Vaughn to quiet the title to certain Saline County, Arkansas, lands, of which the plaintiff was the record owner and upon which it had for many years paid taxes. The defendant Barnett, a citizen of Arkansas, in his answer asserted that by adverse possession for more than seven years he had, under Arkansas law, become the owner of a portion of the land in suit. Federal jurisdiction was based on diversity of citizenship and amount in controversy.

The action was dismissed by the plaintiff as to the defendant Vaughn. The issue raised by the plaintiff's complaint and the answer of the defendant Barnett was tried before the Honorable John W. Delehant, United States District Judge for the District of Nebraska, sitting by special assignment on the District Court for the Eastern District of Arkansas. He determined that the defendant (appellee) was, under the evidence and the applicable law of Arkansas, the owner, by adverse possession, of the portion of the lands which he claimed and which are described in the judgment from which this appeal is taken. The judgment quieted in the defendant the title to that portion of the lands in suit which the court found to be owned by him, and also quieted title in the plaintiff to the remainder of the lands. The plaintiff has appealed, challenging the sufficiency of the evidentiary basis, under the applicable law of Arkansas, for so much of the judgment as is in favor of the defendant.

 Judge Delehant, in support of his findings and conclusion, wrote an exhaustive opinion analyzing in detail and with meticulous care the evidentiary facts and the applicable Arkansas law. There is nothing of substance in his findings or opinion which we think rightfully may be criticized, and we find nothing in his decision which does violence to any established rule of the applicable Arkansas law. He was, of course, the trier of the facts and the judge of the credibility of the witnesses and the weight of the evidence. It

seems obvious that the question whether the defendant's use and possession of the portion of the lands to which he claimed title rose to the dignity of adverse possession under Arkansas law presented largely a question of fact for the trial court, and not a question of law for this Court. The defendant based his claim upon his use for many years of so much of the land as he claimed, his enclosure of it, his cultivation of parts of it, and the pasturing of it, all of which is set out in detail in the District Court's opinion and findings.

It is apparent that, in taking this appeal, the plaintiff has misconceived the functions of this Court. We quote the following from the plaintiff's brief:

"This is an equity proceeding. It is the well-settled rule that, on appeal, an equity case is tried de novo upon the same evidence that was before the lower court. Chickasaw Wood Products Co. v. Paysinger, 8 Cir., 1936, 84 F.2d 476. There is before this Court all the testimony and all the exhibits that were presented in the District Court, and the action is here for hearing and decision on its merits upon such evidence."

A similar assertion was made in Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137–138, a case which was also governed by Arkansas law. We said in that case:

"The appellants have misconceived the functions of this Court, the jurisdiction of which is appellate. In the case of Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 417–418, 150 A.L.R. 1056, we said: ' * * * This Court, upon review, will not retry issues of fact or substitute its judgment with respect to such issues for that of the trial court. Storley v. Armour & Co., 8 Cir., 107 F.2d 499, 513; Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199; Travelers Mutual Casualty Co. v. Rector, 8 Cir., 138 F.2d 396, 398. The power of a trial court to decide

doubtful issues of fact is not limited to deciding them correctly. Thompson v. Terminal Shares, Inc., 8 Cir., 89 F.2d 652, 655; Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, 701 (affirmed 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251); Travelers Mutual Casualty Co. v. Rector, supra. In a nonjury case, this Court may not set aside a finding of fact of a trial court unless there is no substantial evidence to sustain it, unless it is against the clear weight of the evidence, or unless it was induced by an erroneous view of the law. Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1, 4, 5; Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199; Travelers Mutual Casualty Co. v. Rector, supra.'

\* \* \* \* \* \*

" \* \* \* The findings of fact of a trial court should be accepted by this Court as being correct unless it can be clearly demonstrated that they are without adequate evidentiary support or were induced by an erroneous view of the law. The entire responsibility for deciding doubtful fact questions in a nonjury case should be, and we think it is, that of the district court. The existence of any doubt as to whether the trial court or this Court is the ultimate trier of fact issues in nonjury cases is, we think, detrimental to the orderly administration of justice, impairs the confidence of litigants and the public in the decisions of the district courts, and multiplies the number of appeals in such cases.

"The sufficiency of the evidence to support a trial court's findings and judgment is, of course, a proper question on review. Whether a reviewing court thinks that it would or might have made different findings of fact or have entered a different judgment, had it been the trier of the facts, is a matter of no consequence. On review, this Court should refrain·from exercising any of the trial functions conferred by law upon the district courts."

■ Under the Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A., the instant case is a nonjury case governed by the procedural rules applicable to every such case. It makes no difference whether the case is one formerly cognizable at law or in equity. See Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1, 4-5.

■ It must be remembered that this Court is not an appellate court of the State of Arkansas, and establishes no rules of law for that State. The question for review in a case such as this is not whether the trial court has reached a correct conclusion, but whether it has reached a permissible one. See National Bellas Hess, Inc. v. Kalis, 8 Cir., 191 F.2d 739, 741; Kimble v. Willey, 8 Cir., 204 F.2d 238, 243, 38 A.L.R.2d 814; Guyer v. Elger, 8 Cir., 216 F.2d 537, 540-541. If the plaintiff desired a definitive ruling as to whether the defendant's possession and use of so much of the land as he was claiming had, under Arkansas law, ripened into ownership, the plaintiff should have brought its action in the State court and appealed to the Supreme Court of Arkansas in the event of an adverse ruling in the State trial court. Having invoked the jurisdiction of the federal District Court, the plaintiff can prevail on appeal only if it can demonstrate that the determination of that court was induced by a clear misconception of the local law or a clear misapplication of it to the evidentiary facts. A decision by a federal court in a case governed by state law is necessarily largely a forecast of what in a similar case the Supreme Court of the state would hold the law to be. Cf. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 499-500, 61 S.Ct. 643, 85 L.Ed. 971, and Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 484, 60 S.Ct. 628, 84 L.Ed. 876.

In view of the carefully considered opinion of Judge Delehant and his detailed analysis of the evidence and of the controlling State law, a re-analysis of the

facts and the law by this Court would be repetitious and could serve no useful purpose. Our examination of the record convinces us that the case was competently tried and decided. We think that the evidentiary basis for the findings of the District Court is not inadequate, and that the conclusion of the court was not induced by any misconception or misapplication of the local law.

The judgment appealed from is affirmed.