**M. NUGENT, Appellant,**

**v.**

**GENERAL INSURANCE COMPANY OF AMERICA, Appellee.**

**No. 15910.**

United States Court of Appeals
Eighth Circuit.

April 8, 1958.

Rehearing Denied May 2, 1958.

---

Joseph J. Howard, St. Louis, Mo., for appellant.

C. M. Kirkham, St. Louis, Mo. (F. X. Cleary and Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, Mo., were with him on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the defendant (appellee) in an action upon a policy issued by it, insuring, for a term of three years from December 19, 1954, a brick building owned and occupied as a dwelling by the plaintiff (appellant) in University City, St. Louis County, Missouri, against direct loss caused by "Collapse of building(s) or any part thereof."

The claim stated in the plaintiff's complaint is that during the fall of 1955 a part of the insured building collapsed, resulting in $5,000 damage to her. The defendant admitted the issuance of the policy, but denied liability to the plaintiff under it. Jurisdiction was based on diversity of citizenship and amount in controversy.

The case was tried to the court without a jury and was submitted upon the plaintiff's evidence. The court determined, in effect, that the facts established by her did not bring her claim within the coverage of the policy. She has appealed from the judgment dismissing her complaint.

It is unnecessary to state the factual situation in detail. We quote the following from the plaintiff's statement of the case in her brief:

"The evidence showed that there had been a drouth in St. Louis County for several years prior to September, 1955; that during that month plaintiff on attempting to close a kitchen window, found that the window would not close and upon examining the property, found cracks extending from the west top of the garage, located in the basement, up through the first and second floors towards the east and extending to the top of the second floor on the east side of the second-floor window. This crack extended from the outside through the entire wall to the inside of the wall, and the crack varied in width from one-half inch to an inch. Plaster had fallen from the edges of the crack on the inside. Plaintiff also found a crack extending across the basement floor, which was approximately one-half inch in width, and one side of the crack was one-half inch above the other side. She also found that other doors and windows would not open and close. The cracks were caused by the subsoil drying and shrinking, which permitted the footings to move downward. The upper part of the building moved toward the northeast.

\*     \*     \*     \*     \*

"An addition had been built on the house prior to the time that plain-

tiff purchased it in 1940. The addition consisted of enclosing a porch on the back of the house towards the west side; a store-room was added in the basement under the porch, and the bedroom on the second floor was extended out over the porch. In 1953, the addition started to pull away from the house and lean towards the north. At that time, plaintiff had the damage repaired by David House Moving Company, which put in piers under the north edge of the addition to prevent further damage. The piers were sunk under the addition to a depth of approximately 27 feet. After the piers had been put in, there was no further damage to the property as a result of the addition pulling away from the house and plaintiff was making no claim for this damage. * * *."

The plaintiff does not contend that the insured building as a whole collapsed, but asserts that the concrete footings which supported its exterior walls were a part of the building, and that the settling or sinking of the footings constituted a collapse of a "part thereof" within the meaning of the policy and resulted in a loss of $4,000.

Apparently no court of the State of Missouri has ruled upon the scope of the coverage of a policy such as that in suit. The plaintiff in her brief says: "Neither plaintiff nor defendant has found any appellate decision construing the coverage of the insurance policy here in question. * * * The coverage in this policy is relatively new and was probably first written in June, 1954 * * *. This case, so far as we have been able to determine, is a case of first impression in an appellate court."

■ ■ The policy in suit is a Missouri contract and is governed by the law of that State. The conclusion of the trial judge that the loss and damage to the plaintiff's building, caused by the settling and sinking of its footings, was not covered by the policy, is his prediction or forecast as to what the Supreme Court of Missouri would probably hold if confronted with the same question. Dierks Lumber & Coal Co. v. Barnett, 8 Cir., 221 F.2d 695, 697; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 734. There can be no question as to the competency of Judge Weber, who tried this case, to rule upon a question of Missouri law.

This is another diversity case in which local counsel are unable to agree as to the applicable local law. Conceivably, the Supreme Court of Missouri might have reached a different conclusion had this case been before it, but neither counsel for the plaintiff nor this Court can demonstrate that the trial judge did not reach a permissible conclusion in ruling that the plaintiff's loss and damage was not within the coverage of the policy in suit. In Homolla v. Gluck, supra, at pages 733–734 of 248 F.2d, we said:

"This case in principle differs in no controlling respect from others in which this Court has consistently refused to attempt to outpredict, outforecast or outguess a trial judge with respect to a doubtful question of the law of his State. See and compare, Buder v. Becker, 8 Cir., 185 F.2d 311, 315; Kimble v. Willey, 8 Cir., 204 F.2d 238, 243, 38 A.L.R.2d 814; Guyer v. Elger, 8 Cir., 216 F.2d 537, 540–541, certiorari denied 348 U.S. 929, 75 S.Ct. 342, 99 L.Ed. 728; Dierks Lumber & Coal Co. v. Barnett, 8 Cir., 221 F.2d 695, 697; Citizens Insurance Co. of New Jersey v. Foxbilt, Inc., 8 Cir., 226 F.2d 641, 643, 53 A.L.R.2d 1376; Bostian v. Universal C. I. T. Credit Corporation, 8 Cir., 238 F.2d 809, 812; Milwaukee Insurance Co. v. Kogen, 8 Cir., 240 F.2d 613, 615."

See, also, United States v. R. D. Wilmans & Sons, Inc., 8 Cir., 251 F.2d 509.

The judgment appealed from is affirmed.