Hyman ROSEN and Harry Grossman, Appellants,

v.

WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a corporation, Appellee.

No. 15997.

United States Court of Appeals
Eighth Circuit.

Dec. 15, 1958.

Charles Rubenstein, Minneapolis, Minn. (Geo. N. Guttmann and Samuel D. Finkelstein, Minneapolis, Minn., were with him on the brief), for appellants.

M. L. Culhane, Minneapolis, Minn. (M. E. Culhane and James E. Culhane, Minneapolis, Minn., were with him on the brief), for appellee.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiff (appellee) in an action upon a promissory note reading as follows:

"$17082.44                June 3, 1954.

"Sixty days after date I—We promise to pay to the order of Westinghouse Electric Supply Co. Seventeen thousand eighty-two and 44/100 Dollars Payable at 254 E. 4th St., St. Paul, Minn.

"Value received

"Due 8/2/54

"Northtown Furniture Company,

"Hyman Rosen,

"Harry Grossman"

Jurisdiction is based on diversity of citizenship.

The signature "Northtown Furniture Company" was printed in ink just above the longhand signatures of Rosen and Grossman. The Company was adjudged a bankrupt in October, 1954, and this action against the individual makers of the note was brought April 15, 1955.

The defendants in their amended answer to the plaintiff's complaint, filed April 17, 1956, admitted signing the note, but without intending to obligate themselves personally or individually. They asserted that when the note was signed it was the intention of the parties "that the defendants' signatures were to appear as agents and officers of the Northtown Furniture Company, a Minnesota corporation, and not as their individual signatures." The prayer of the amended answer was for a judgment reforming the note to conform to the alleged mutual intent of the parties that the defendants were not to be liable as individuals.

The trial court, after hearing and considering all of the evidence upon the issue whether the individual defendants had or had not signed the note merely on behalf of the Company as its officers and with the understanding on the plaintiff's part that they were not as-suming any personal liability, resolved that issue in favor of the plaintiff, determined that no mutual mistake warranting reformation of the note had been shown, and entered judgment accordingly.

In their brief the defendants say: "The issue here is one of fact and the facts must be evaluated and weighed to determine if the trial court was in error." We are once more referred to the case of United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, and are, in effect, urged to hold that "on the entire evidence" we are "left with the definite and firm conviction that a mistake has been committed." The best answer we can make to that argument is to quote what this Court said in Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137–138, in response to a similar contention:

"The appellants have misconceived the functions of this Court, the jurisdiction of which is appellate. In the case of Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 417–418, 150 A.L.R. 1056, we said: ' * * * This Court, upon review, will not retry issues of fact or substitute its judgment with respect to such issues for that of the trial court. Storley v. Armour & Co., 8 Cir., 107 F.2d 499, 513; Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199; Travelers Mutual Casualty Co. v. Rector, 8 Cir., 138 F.2d 396, 398. The power of a trial court to decide doubtful issues of fact is not limited to deciding them correctly. Thompson v. Terminal Shares, Inc., 8 Cir., 89 F.2d 652, 655; Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, 701 (affirmed 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251); Travelers Mutual Casualty Co. v. Rector, supra. In a nonjury case, this Court may not set aside a finding of fact of a trial court unless there is no substantial

evidence to sustain it, unless it is against the clear weight of the evidence, or unless it was induced by an erroneous view of the law. Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1, 4, 5; Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199; Travelers Mutual Casualty Co. v. Rector, supra.'

"It is true that in United States v. United States Gypsum Co., 333 U.S. 364, at page 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, the Supreme Court said: 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' The opinion in that case shows that the Supreme Court regarded the findings which it held to be erroneous as contrary to the clear weight of the evidence. The statement above quoted, when read in connection with what was later said by the Supreme Court on the same subject in Graver Tank & Mfg. Co., Inc., v. Linde Air Products Co., 336 U.S. 271, 275–276, 69 S.Ct. 535, 93 L.Ed. 672, furnishes no warrant for the belief that we can retry doubtful issues of fact upon a cold record, and substitute our judgment for that of the trial court with respect to such issues, or that a district court, in nonjury cases, is to act as a sort of special master for this Court, to report testimony, to make advisory findings, and to enter an advisory judgment.

"There is no logical reason for placing the findings of fact of a trial judge upon a substantially lower level of conclusiveness than the fact findings of a jury of laymen, or those of an administrative agency, which may be set aside only if unsupported by substantial evidence. The findings of fact of a trial court should be accepted by this Court as being correct unless it can be clearly demonstrated that they are without adequate evidentiary support or were induced by an erroneous view of the law. The entire responsibility for deciding doubtful fact questions in a nonjury case should be, and we think it is, that of the district court. The existence of any doubt as to whether the trial court or this Court is the ultimate trier of fact issues in nonjury cases is, we think, detrimental to the orderly administration of justice, impairs the confidence of litigants and the public in the decisions of the district courts, and multiplies the number of appeals in such cases.

"The sufficiency of the evidence to support a trial court's findings and judgment is, of course, a proper question on review. Whether a reviewing court thinks that it would or might have made different findings of fact or have entered a different judgment, had it been the trier of the facts, is a matter of no consequence. On review, this Court should refrain from exercising any of the trial functions conferred by law upon the district courts."

We find nothing in the record on appeal in the instant case which would justify a reversal of the judgment appealed from.

The judgment is affirmed.