IRENE J. DONAHUE v. IVA BELLE PEPPARD.
CENTRAL SURETY & INSURANCE CORPORATION,
GARNISHEE.[1]

April 21, 1933.

No. 29,414.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellant.
*P. A. Wells,* for respondent.

LORING, JUSTICE.

This is an appeal by the garnishee from an order striking out as sham its answer to the supplemental complaint in the garnishment proceedings. The plaintiff had recovered a verdict against her sister (this defendant) for damages due to personal injuries suffered in an

[1]Reported in 248 N. W. 48.

automobile upset which occurred August 22, 1930, on state highway No. 1 about a mile north of Harris. The defendant was driving a large and powerful sedan, and the question of her negligence as to speed in entering a curve and in handling her brakes and having them in condition was relevant to the main issue. It is the claim of the garnishee that she conspired with her sister to defraud it by deceiving its attorneys as to what she would testify; that defendant at first stated facts to the garnishee's lawyers which indicated no liability, but that upon cross-examination at the trial she so described the circumstances of the accident as to corroborate the plaintiff. The garnishee's answer sets up the provisions of its liability policy with reference to fraud as follows:

"This entire policy shall be void if the Assured or his Agent has concealed or misrepresented in writing or otherwise *any material fact* or circumstance concerning this insurance or the subject thereof, or if the Assured or his Agent shall make any attempt to defraud the Company, either before or after a loss."

and alleges that defendant

"testified to facts contrary to facts first given to the garnishee and testified to facts at the trial of said action which tended to corroborate the testimony of the plaintiff herein in reference to the alleged negligence of said defendant."

General allegations of conspiracy appear in the answer, but no more definite allegations of collusion are made. In the affidavits resisting the motion to strike the answer as sham and frivolous it is asserted that defendant, prior to the trial, stated that she was traveling about 42 miles per hour as she reached the curve and that when she put on the brakes they unexpectedly locked and caused the car to skid and overturn.

On the trial she said that between Harris and the curve she had been going 60 miles per hour and that she reached the curve at about 45 miles per hour. She also said that she applied her brakes and they appeared to lock. She could not turn her car, and the upset followed.

This was altogether too slight a variance to indicate a furtherance of any design collusively to support her sister's case. The speed of 60 miles per hour occurring somewhere between Harris and the curve apparently was not inquired about at the time she made her first statement. It was not material unless it continued to the curve, and her testimony at the trial changed her speed at that point by only three miles per hour from the first statement. Her contention that the faulty brakes caused the accident was fully as strong on the trial as previously.

We think the trial court was right in striking out the answer. Order affirmed.