LILLIAN JOHNSON v. HARRY JOHNSON.
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
APPELLANT.[1]

April 14, 1949.

No. 34,869.

[1]Reported in 37 N. W. (2d) 1.

*Swanson Brothers,* for appellant.
*Stanley N. Mortenson,* for respondent Lillian Johnson.
*H. O. Chommie,* for respondent Harry Johnson.

KNUTSON, JUSTICE.

Plaintiff recovered a verdict in an action brought to recover damages for personal injuries sustained when an automobile driven by defendant was run into the ditch and turned over while plaintiff was riding as a guest passenger. Judgment was entered pursuant to the verdict in the sum of $7,049.37 on February 15, 1947. Defendant was insured by the garnishee under the usual form of automobile liability insurance. After rendition of the verdict, the insurer denied liability, contending that defendant had failed to coöperate. Judgment was thereafter entered, which the insurer refused to pay. The policy carried the usual provision for coöperation by the insured, reading:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

Garnishment proceedings were thereafter commenced against the insurer. The trial court found that there was no lack of coöperation and ordered judgment against the garnishee. Judgment having been entered pursuant thereto, this appeal followed from such judgment.

Only one question is presented for our determination, namely: Are the findings of the trial court determining that there was no lack of coöperation sustained by the evidence?

Whether the insured failed to coöperate with the insurer is a question of fact, and the usual rules apply that the findings of the trial court will not be disturbed if supported by the evidence.

Cases involving lack of coöperation under similar clauses contained in liability insurance policies are numerous. They are collected in Annotations: 72 A. L. R. 1446, 98 A. L. R. 1465, and 139 A. L. R. 771. It would serve no useful purpose to attempt a comparison of the many cases on this subject.

In the frequently cited case of Coleman v. New Amsterdam Cas. Co. 247 N. Y. 271, 276, 160 N. E. 367, 369, 72 A. L. R. 1443, Mr. Chief Justice Cardozo, speaking for the New York court, said regarding coöperation in an action on a similar policy:

"* * * Co-operation does not mean that the assured is to combine with the insurer to present a sham defense. Co-operation does mean that there shall be a fair and frank disclosure of information *reasonably demanded by the insurer* to enable it to determine whether there is a genuine defense." (Italics supplied.)

The claim of failure to coöperate in this case is based largely upon an alleged variation in the testimony of defendant at the time of the trial and in a statement given to the insurer shortly after the accident. The accident occurred when the automobile which defendant was driving struck an icy spot upon the highway and skidded into the ditch, thereafter turning over. A few days after the accident, a representative of insurer called upon defendant and took from him a statement in writing in which he said:

"The place where the accident happened was on a level stretch of pavement. The pavement is concrete. About four miles south of Little Falls, I noticed the pavement was slippery. I slowed down to about 20 m.p.h. I passed two cars that were barely moving. When we went around them we didn't skid."

The insurer claims that in the above statement defendant meant to say that he was driving 20 miles per hour immediately prior to the accident. At the trial, defendant testified that he was driving 30 to 35 miles per hour immediately prior to the accident. Reading the above statement literally, we are inclined to agree with plaintiff and defendant that it is more apt to convey the meaning that defendant was driving 20 miles per hour at the time he passed the two cars. He traveled about one and one-half miles after passing these cars before the accident happened, and in that time he gained considerable distance over the two cars. It is likely that he had to increase his speed in order to gain the distance that separated the cars at that time. If there is any ambiguity in this statement, it was prepared by the insurer and should be construed against it.

The other statement principally relied upon by the insurer relates to the manner in which the accident happened. It reads:

"* * * All of a sudden the front end skidded from side to side a few times. I couldn't steer it at all. We skidded from the right side of the road, across the pavement, and went in the ditch in [sic] the east side."

At the time of the trial, defendant testified that it was his intention to put one wheel on the outside of the paving, on the gravel, and that the wheel caught the edge of the cement and started zigzagging. The two statements are not inconsistent. One statement goes more into detail than the other, but there is no indication that defendant would not have given the insurer the same detailed statement prior to the trial if it had been asked of him.

There are other minor variances in the testimony from that given in the statement, and there are some things testified to by defendant at the trial that are not contained in the statement at all. No copy of the statement was given defendant, and the case was tried about a year after the statement was taken. Defendant had no opportunity to read it or to examine it prior to the time he took the stand as a witness. It is only natural that there should be some variances in his testimony. Aside from the two mentioned above, there are

none of any material consequence. Liability on a policy of insurance may not be repudiated by such slight variances in the testimony. Donahue v. Peppard, 188 Minn. 625, 248 N. W. 48.

Defendant and plaintiff are related by marriage. We are not sure whether the insurer contends that an inference should be drawn from this that defendant was likely to favor the injured party. Friendliness between the parties is no evidence of lack of coöperation. Neither is hostility necessary to coöperation. U. S. F. & G. Co. v. Pierson (8 Cir.) 89 F. (2d) 602.

Defendant is a man who does not have a great deal of education, nor does he think as fast as some might, but a thorough examination of the record leads us to believe that he fully coöperated with the insurer. Consequently, we conclude that the trial court's findings are amply supported by the evidence.

Affirmed.

