Roy **WEBB**, Appellant,

v.

**JOHN DEERE PLOW CO.**, Inc., a corporation, and Orville Marquardt, Appellees.

No. 16015.

United States Court of Appeals
Eighth Circuit.

Nov. 18, 1958.

Martin A. Cannon, Omaha, Neb. (Matthews, Kelley & Stone, Omaha, Neb., were with him on the brief), for appellant.

L. J. Tierney, Omaha, Neb. (Cassem, Tierney, Adams, Kennedy & Henatsch, Omaha, Neb., were on the brief), for appellees.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment entered upon the verdict of a jury in favor of the defendants (appellees) in a personal injury action brought by Roy Webb. The action arose out of an automobile accident which occurred at about 11:15 A.M. on October 10, 1955, at a highway intersection in Douglas County, Nebraska, when the automobile in which Webb was riding, and which was being driven by Donald E. Danner north on State Highway 93, came into collision with an automobile of the John Deere Plow Co., Inc., being driven west on U. S. Highway 30A by its agent Orville Marquardt, who was accompanied by Fred Tritsch, the territory manager for the company. The occupants of both cars were seriously injured.

Webb brought this action upon the claim that the defendants were negligent and that it was their negligence which caused the accident. The defendants denied that they were negligent, and asserted that the sole cause of the accident was the negligence of Webb and Donald E. Danner, the driver of the car in which Webb was riding, in failing (1) to stop at a stop sign before entering the intersection, (2) to yield the right of way, (3) to keep a proper lookout, (4) to drive at a proper speed, and (5) to do what reasonably could have been done to avoid the accident.

Jurisdiction was based on diversity of citizenship and amount in controversy.

The issue under the pleadings and on the trial was whether the accident was due, in whole or in part, to the negligence of Marquardt, the driver of the Deere car, or was solely attributable to the negligence of Danner in the operation of his car.

The evidence showed that U.S. Highway 30A is a heavily traveled, paved, east-west arterial highway, protected against cross traffic from Highway 93 by stop signs; that the Deere car, traveling west, was in the westbound lane of Highway 30A and was being driven at a lawful rate of speed. There was evidence that neither the plaintiff nor Danner had any recollection of the accident or how it happened. There was no evidence to indicate that Danner stopped his car at the stop sign on Highway 93 before entering the intersection or that he looked to see whether it was safe to cross Highway 30A. Obviously, he did not yield the right of way to the Deere car, which, under the evidence, must have been in plain sight and dangerously close to the intersection before the Danner car reached the westbound lane of Highway 30A. There was some evidence by a truck driver that he watched the cars until they collided, and that he observed Marquardt looking toward his right, and not straight ahead, prior to the collision.

The Nebraska law applicable to a case such as this was recently considered and discussed by this Court in Luther v. Ma-

ple, 8 Cir., 250 F.2d 916, 920, which involved an automobile accident very similar to this. What was said in that case about the obligation, under Nebraska law, of one confronted by a stop sign to stop and yield the right of way need not be repeated here.

■ The instant case was tried before a Nebraska federal judge of unquestioned competency to rule upon questions of Nebraska law, and to a Nebraska jury no doubt familiar with the manners and customs of automobile drivers in that State. This Court cannot concern itself with doubtful questions of fact which, under the evidence, were for the jury (see Elzig v. Gudwangen, 8 Cir., 91 F. 2d 434, 444); nor will it concern itself with doubtful questions of local law as to which the trial court has reached a permissible conclusion. Luther v. Maple, supra, pages 919 and 922 of 250 F.2d; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733.

Our examination of the record in this case indicates to us that the case was fairly tried; that the court did not err in its rulings on evidence; that none of the instructions to which the plaintiff took proper exceptions at the trial, and of which he now complains, was demonstrably erroneous or prejudicial.

■ The issue presented was simple and understandable and was, of course, fully argued to the jury. The jurors, obviously, concluded that there was an inadequate evidentiary basis for a finding that Marquardt was negligent in any respect, and also concluded from the evidence that Danner was solely to blame for the accident and Webb's injuries by failing to stop and yield the right of way to the Deere car coming from his right.

This case was not one requiring the most precise and technically accurate instructions in order to obtain a proper result, but was a case which twelve sensible persons could have decided almost without instructions. See Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447, 452. Personal injury cases such as this are essentially fact cases, and it is rarely that a party aggrieved by the verdict of the jury can, on appeal, successfully visit his grievance against the jury upon the trial court. The verdict of the jury in favor of the defendants ended the instant case.

The judgment appealed from is affirmed.