**IOWA ELECTRIC LIGHT & POWER COMPANY, a corporation, Appellant,**

v.

**CITY OF LYONS, NEBRASKA, a municipal corporation, et al., Appellees.**

No. 16128.

United States Court of Appeals Eighth Circuit.

April 17, 1959.

Harry R. Henatsch, Omaha, Neb. (Cassem, Tierney, Adams, Kennedy & Henatsch, Omaha, Neb., were with him on the brief), for appellant.

W. W. Nuernberger, Lincoln, Neb. (John A. Young, E. B. Perry, Arthur E. Perry, R. R. Perry and E. C. Perry, Lincoln, Neb., were with him on the brief), for appellees.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment entered on October 14, 1958, dismissing the complaint of the plaintiff (appellant), which sought an injunction to prevent the City of Lyons, Nebraska, from acquiring by condemnation the properties of the plaintiff constituting the gas distribution system serving that City. The defendants (appellees) are the City and the three Nebraska State District Judges appointed by the Supreme Court of Nebraska as a Court of Condemnation. Federal jurisdiction was based on diversity of citizenship and amount in controversy.

The question for this Court to decide is whether the District Court reached a permissible conclusion in determining that, under Nebraska law, the City had sufficiently complied with the provisions of Section 19–701, Chapter 19, Article 7, Reissue Revised Statutes of Nebraska, 1943, as amended, Cum.Supp.1957, to be entitled to acquire by condemnation proceedings the gas system involved.

Section 19–701, so far as pertinent, provides:

"Whenever the qualified electors of any * * * city of the second class * * * shall vote at any general or special election to acquire and appropriate, by an exercise of the power of eminent domain, any * * * gas plant or a gas system, including a natural or bottled gas plant, gas distribution system, or gas pipe lines * * * located or operating within or partly within and partly without such city * *, together with real and personal property needed or useful in connection therewith, * * * then any such city * * * shall possess and have the power and authority, by an exercise of the power of eminent domain to appropriate and acquire, for the public use of any such city * * * any such works, plant, * * * pipe lines, or system * *."

The Mayor and Council of the City of Lyons, for the purpose of initiating proceedings for acquisition of the gas system, at a meeting held on March 6, 1956, provided by Resolution for an election to be held, after due notice by publication, on April 3, 1956.

The published notice reads as follows:

"City of Lyons, Nebraska
"Notice of Election
"Public Notice is Hereby Given that pursuant to a Resolution passed by the Mayor and Council of the City of Lyons in the County of Burt in the State of Nebraska there shall be submitted to the qualified electors of the City at the general election to be held in the City on the 3rd day of April, 1956, the following question:

"Shall the City of Lyons acquire under the provisions of Chapter 19, Article 7, Reissue Revised Statutes of Nebraska, 1943, as amended, the complete gas system owned by Iowa Electric Light and Power Company and now serving the City of Lyons and certain lots and parcels of land immediately adjoining the City, which properties include and are more particularly described as follows [description follows]:

* * * * * *

"☐ For Purchase of Gas System
"☐ Against Purchase of Gas System

"The voting places shall be the same as for the city election and the polls will be open from 8 A.M. to 8 P.M. on said date. Voters desiring to vote in favor of the question shall place an X in the square preceding the words 'For purchase of gas system' and voters desiring to vote against said question shall place an X in the square preceding the words 'Against purchase of gas system.'

"By Order of the Mayor and City Council of the City of Lyons, Nebraska.

"Anna B. Paine, City Clerk."

Prior to the election, a campaign was conducted both for and against the acquisition of the gas system by the City.

At the election on April 3, 1956, the ballot used read as follows:

"General City Election of the City of Lyons, Nebraska
"Election April 3, 1956
"Shall the City of Lyons acquire under the provisions of Chapter 19, Article 7, Reissue Revised Statutes of Nebraska, 1943, as amended, the complete gas system owned by Iowa Electric Light and Power Company and now serving the City of Lyons and certain lots and parcels of land immediately adjoining the City, which properties include and are more particularly described as fol-

lows: [Description of public utility.]

\* \* \* \* \* \*

"☐ For Purchase of Gas System

"☐ Against Purchase of Gas System"

The election was close; 241 qualified electors of the City of Lyons voted to "purchase" the plaintiff's gas system, and 235 electors voted against the "purchase". Certification of the election result was, under applicable Nebraska law, duly filed by the City with the Clerk of the Supreme Court of Nebraska, and that court appointed the three State District Judges of Nebraska who are defendants, as a Court of Condemnation to meet on May 16, 1956.

The instant action was commenced on May 8, 1956. The complaint alleged, in substance, that the ballot submitted to the electors of the City did not comply with the requirements of Section 19–701, Chapter 19, Article 7, Revised Statutes of Nebraska, 1943, Reissue of 1954 [Cum.Supp.1957], and failed to mention that the proposed acquisition of the plaintiff's gas system would be by exercise of the power of eminent domain. The plaintiff alleged that it would suffer irreparable injury unless the defendants were enjoined from commencing condemnation proceedings.

On the same day the complaint was filed the plaintiff made a motion for a preliminary injunction. The motion was heard by the Honorable John W. Delehant, United States District Judge for the District of Nebraska, on May 15, 1956. On May 25, 1956, he filed an order denying the motion upon the ground that the plaintiff had not shown sufficient cause to justify the court in granting it.

The plaintiff amended its complaint on March 15, 1957, asserting that the ballot irregularities and violations of Section 19–701, Chapter 19, Article 7, Revised Statutes of Nebraska, 1943, Reissue of 1954 [Cum.Supp.1957], referred to in the complaint, misled the electors of the City of Lyons, and that the narrow margin of ballots favoring condemnation would not have existed absent said irregularities and statutory violations.

The City moved on March 21, 1957, to dismiss the plaintiff's complaint. Its motion was denied on May 17, 1957. The City filed its answer on May 23, 1957, denying any ballot irregularities or statutory violations and asserting that the ballot was proper in all respects. The City also asserted that the participation of the plaintiff in the pre-election campaign clearly showed the electorate that no voluntary sale was contemplated, and that the plaintiff was estopped from questioning the sufficiency of the ballot.

At the trial, counsel for the plaintiff stated "that plaintiff's case either stands or falls as a matter of law on whether the ballot, submitted to the voters of the City of Lyons, was defective." The plaintiff attempted to show that voters had actually been misled by the form of the ballot, but failed. It was shown that circulars for and against the acquisition of the plaintiff's gas system had been publicized or circulated in the city during the pre-election campaign. An affidavit of the Clerk of the Supreme Court of Nebraska quoted language from many certifications of election results filed with him pursuant to the applicable statute, indicating that it was customary in elections, such as that in suit, for the proposition submitted to the voters to show that the acquisition proposed was to be "by the exercise of the power of eminent domain."

The Honorable Richard E. Robinson, Chief Judge of the United States District Court for the District of Nebraska, before whom this case was tried, in his opinion (166 F.Supp. 676, 680), in which the contentions of the plaintiff were given careful consideration, reached the conclusion that "There was substantial, if not complete, compliance [by the City of Lyons] with the statutory provision regarding condemnation of public utilities and there was no evidence that the electors were in any respect misled." We quote the following from Judge Robinson's opinion (page 679 of 166 F.Supp.):

"This much is clear: Section 19–701 specifies by what singular means a city shall possess the authority to acquire, by the exercise of the power of eminent domain, a gas system for the public use of the city, namely, only when the qualified electors at any general or special election consent by their ballots to acquire such a system in that manner. But a careful reading of the statute leads us to conclude that there is no provision setting forth in what form the ballot shall be drafted and declaring that the performance of the details is essential to the validity of the election. Specifically, we can find no mandatory provision regarding how the proposition submitted must be phrased. Absent any such requirement, the ballot will have substantially complied with the statute when the proposition submitted, however it is phrased, has not by its terms misled the electorate 'and thus prevented an intelligent expression of its preference' (to borrow an apt phrase from a note in 70 Harvard Law Review 1077, 1079). Our conclusion that the statute lacks any mandatory requirement regarding phraseology appears to be supported by an expression in the first proviso of Section 19–701, that the city 'shall have the power to submit such question or proposition in the usual manner to the qualified electors'. The choice of the phrase 'in the usual manner' indicates, if anything at all, that the proposition as phrased must not offend our general notions of a fair election.

"We believe that statutory compliance has been shown in this case. The ballot used the expression 'acquire under the provisions of Chapter 19, Article 7, Reissue Revised Statutes of Nebraska, 1943, as amended'. The word 'acquire' is perfectly proper and is not a misstatement or misrepresentation as the plaintiff would argue. As a practical matter, the controversy boils down to a determination of whether the expression 'acquire under the provisions of Chapter 19, Article 7, Reissue Revised Statutes of Nebraska, 1943, as amended' is any less susceptible of understanding by the qualified electorate than the expression 'acquire by the exercise of the power of eminent domain', as used in the statute. Perhaps the answer is partially affected by the degree of confidence one has in our system of public education. No doubt the latter has the advantage of immediate recognition, but at any rate we are satisfied that the expression chosen and employed is none the less specific and does not by its terms mislead the electorate, for the statutory reference relates only to the use of the power of eminent domain in the condemnation of properties of public utilities, and was widely publicized and generally familiar to the electorate as a result of the pre-election campaigns."

The views of Judge Robinson, which are somewhat fortified by those evidently entertained by Judge Delehant when he refused the plaintiff a preliminary injunction, are the considered views of a Nebraska judge with respect to a doubtful, or at least a debatable, question of Nebraska law. There is no decision by the Supreme Court of Nebraska to the effect that a ballot such as that used by the City of Lyons at the election is legally insufficient or misleading.

What this Court is, in effect, being asked to do is to predict, forecast, or guess, that if this case was before the Supreme Court of Nebraska that court would hold the form of the election ballot in controversy fatally defective. There is nothing illogical or unreasonable in the views the trial judge has expressed, and no way of demonstrating that he misconceived or misapplied the law of Nebraska. From a practical, common-sense standpoint, it would seem that the ballot, which stated that the acquisition proposed was to be pursuant to the applicable condemnation statute, was ade-

quately informative, and that the insertion of the words "by the exercise of the power of eminent domain" would not, from a realistic standpoint at least, have made the proposition submitted any clearer.

This Court has repeatedly said that in cases, such as this, which are governed by State law, it would not attempt to "outpredict, outforecast or outguess a trial judge with respect to a doubtful question of the law of his State." Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733 and cases cited. See, also, to the same effect: Luther v. Maple, 8 Cir., 250 F.2d 916, 919; United States v. R. D. Wilmans & Sons, Inc., 8 Cir., 251 F.2d 509, 511; Knight v. Cameron Joyce and Company, 8 Cir., 252 F.2d 103, 107; Nugent v. General Insurance Company of America, 8 Cir., 253 F.2d 800, 802; King v. Monsanto Chemical Company, 8 Cir., 256 F.2d 812, 816; Webb v. John Deere Plow Co., Inc., 8 Cir., 260 F.2d 850, 852.

The judgment appealed from is affirmed.