Glenn F. WEIBY, Appellant,

v.

**FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 16204.

United States Court of Appeals Eighth Circuit.

Jan. 13, 1960.

Robert J. Healy, Minneapolis, Minn., for appellant.

Frederick P. Bradford, St. Paul, Minn., for appellee.

Before SANBORN, VAN OOSTER-HOUT and BLACKMUN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal by Glenn F. Weiby from a judgment in a garnishment proceeding against the Farmers Mutual Automobile Insurance Company, as garnishee. The purpose of the proceeding was to subject the Company to liability for a default judgment which Weiby, a citizen of Iowa, had obtained against its insured, Herbert Gene Marfell, in an action brought in the United States District Court for the District of Minnesota to recover for personal injuries and property damage alleged to have been caused by Marfell's negligence. The judgment in the garnishment proceeding determined that the Company, which had issued to Marfell a policy of automobile liability insurance effective May 19, 1953, was not indebted to him under the policy,

because of his breach of the cooperation clause, which provided:

> "The insured shall cooperate with the company and upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

The factual and legal basis for the judgment from which Weiby has appealed is fully stated in the opinion of Judge Nordbye, which is reported in D.C., 172 F.Supp. 397.

The accident out of which this controversy arose occurred in Hopkins, Minnesota, on May 21, 1953, when the automobile of Weiby collided with that of Marfell. Marfell employed a lawyer and obtained a settlement from Weiby or his liability insurer. The accident was duly reported by Marfell to the Company, which made a full investigation of the accident and procured a signed statement from Marfell. What the investigation disclosed is not shown by the record on appeal. Since Marfell made a claim against Weiby, it may be inferred that he attributed the accident solely to Weiby's negligence. About two weeks after the accident, and after receiving some money from the settlement of his claim, Marfell left Hopkins, Minnesota, which was his address at the time of the accident. He was in the Oklahoma State Penitentiary from October 6, 1953, until July 6, 1955, serving a sentence for second degree burglary. After Marfell's discharge from the Penitentiary, his father sent him $18 to enable him to return to Minnesota. Just when he returned, how long he stayed at his parents' house in St. Louis Park, Hennepin County, Minnesota, and whether he was there more than once during the summer of 1955, is not clear from the evidence.

Although in his thirties, the record indicates that Marfell was an irresponsible, unstable, indigent wanderer or drifter.

The investigation file of the Company relative to the accident of May 21, 1953, lay dormant until the summer of 1955, when Weiby brought his action against Marfell, the complaint in which was filed August 5, 1955. Service of the summons and complaint was obtained on Marfell by serving them on the Commissioner of Highways on July 1, 1955, under Minnesota Statutes Annotated § 170.55 as amended, and by mailing copies on July 6, 1955, to Marfell at 3610 Pennsylvania Avenue, St. Louis Park, Minnesota, the home of his parents, which was assumed to be his last known address. The envelope containing copies of the summons and complaint was returned by Marfell's parents to Weiby's counsel, unopened and marked "Not here." Mr. Ira C. Peterson, Jr., one of the attorneys for Weiby, enclosed the same envelope and its contents in a letter which he wrote on August 4, 1955, to Mrs. Winifred Marfell, the stepmother of Herbert Gene Marfell, suggesting that she send the envelope and its contents to the Company, which she did. The Company received the envelope and contents August 9, 1955. Mr. Peterson's letter to Mrs. Marfell was captioned, "Re: Glenn F. Weiby v. Herbert G. Marfell," and referred to "certain papers dealing with a suit for damages arising out of Herbert's auto accident, May 21, 1953." The full text of the letter is quoted in the opinion of the trial court at page 399 of 172 F.Supp.

The Company, after receiving notice of the action brought by Weiby, endeavored to get in touch with Marfell, but was unable to locate him. He had by that time apparently left for parts unknown, without leaving any forwarding address. No answer was filed on behalf of Marfell by the Company. It did not seek a continuance of the case. Weiby obtained a default judgment against Marfell on February 10, 1956, for $9,284.80. The Company disclaimed liability for the judgment, and, when garnished by Weiby, denied that it was indebted to Marfell. In its answer to the supplemental complaint filed by Weiby in the garnishment proceeding, the Company alleged that Marfell had failed to forward to it every demand, notice, summons or other process received by him, and also that he had failed to cooperate with the Company and to perform conditions and obligations imposed by the terms of his policy.

The issue actually tried and determined by the District Court was whether Marfell had deliberately disappeared after being advised of Weiby's action against him, and had thereby breached, in material respects, the cooperation clause of his automobile liability policy. That issue was one of fact for the trial court. Johnson v. Johnson, 228 Minn. 282, 284, 37 N.W.2d 1, 2; Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 266–268, 58 N.W.2d 855, 864–865, 50 A.L.R.2d 108; Annis v. Annis, 250 Minn. 256, 258, 84 N.W.2d 256, 258–259; Caron v. Farmers Insurance Exchange, 252 Minn. 247, 256, 90 N.W.2d 86, 92; Juvland v. Plaisance, 255 Minn. 262, 96 N.W.2d 537, 541. The trial court's finding upon that issue may not be set aside if sustained by the evidence as a whole. Johnson v. Johnson, supra, at page 284 of 228 Minn., at page 2 of 37 N.W.2d; Annis v. Annis, supra, at page 258 of 250 Minn., at pages 258–259 of 84 N.W.2d; Juvland v. Plaisance, supra, at page 540 of 96 N.W.2d.

There is no doubt that under Minnesota law the defense of an insurer on the ground of the insured's breach of the cooperation clause of a liability policy is an affirmative defense as to which the burden of proof is upon the insurer, and that it must show that the breach was material, substantial and prejudicial. Juvland v. Plaisance, supra, at page 541 of 96 N.W.2d.

The testimony of the parents of Marfell was taken by deposition and it was upon that testimony that the trial court relied in finding that Marfell, after his release from the Oklahoma Penitentiary and his return to his father's house,

learned that Weiby had brought an action against him. After quoting much of the testimony, the trial court said (at page 400 of 172 F.Supp.):

"It is fair to find from the entire deposition of Mr. and Mrs. Marfell that the insured was notified that certain papers had come to him at his parents' address regarding a suit for damages arising out of the automobile accident of May 21, 1953. In other words, it seems reasonably clear that the insured was notified of Mr. Peterson's letter of August 4, 1955, in which he notified Mrs. Marfell of the suit for damages arising out of the May, 1953, accident. Admittedly, there is a certain indefiniteness in the somewhat garrulous testimony of Mr. Marfell as to just what information was given to the insured, but sparse and indefinite as it may have been, it would seem that any reasonably prudent person under similar circumstances would either have gotten in touch with his Insurance Company or left a forwarding address with his parents as to where he might be located if he was needed by reason of the suit for damages arising out of the May, 1953, accident. That the insured failed to cooperate with his Insurance Company seems apparent. He vanished from the city some time prior to the period when the insurance investigator visited his parents' home in August and September, 1955. His travel habits were aptly described in his father's deposition when the latter stated,

"'If he goes out to go somewhere —if he goes out and is going to hitch-hike a ride, whichever guy comes along whichever direction, he will take. If a guy picks him up, it don't matter which way he goes. That is the best knowledge I can give you. I have seen it happen many times that way.'"

The court also found, in effect, that the Company had done all that it was required to do to get in touch with Marfell, but without avail, and that its efforts in that regard were not perfunctory or inadequate. In this connection, we note that in the affidavit of Mr. Ira C. Peterson, Jr., filed on February 7, 1956, to show compliance with the Minnesota statute authorizing substituted service of process, he stated that he "has made inquiry of every source and contact available to him in an effort to learn the whereabouts of defendant, but without success."

■ In considering the sufficiency of the evidence, it must be remembered that the Company, as the prevailing party, is entitled to the benefit of all reasonable inferences which can be drawn from the evidence, viewed in the aspect most favorable to it. Annis v. Annis, supra, at page 259 of 250 Minn., at page 259 of 84 N.W.2d; Pendergrass v. New York Life Insurance Co., 8 Cir., 181 F.2d 136, 138.

Apparently there is no Minnesota case which has presented a situation such as that which confronted the trial court in this case. The cases involving alleged breaches of cooperation clauses of automobile liability policies considered by the Minnesota Supreme Court have had to do with variations between statements, with respect to an accident, given by an insured to his insurer and his testimony at the trial. These are the cases which have already been cited. Our consideration of them indicates that that court is of the view that the duty and responsibility of determining whether the cooperation clause of a policy has been materially breached is essentially that of the trial court, which has the feel of the case and is in a better position to deal with the problem than is a reviewing court upon a cold record.

A persuasive argument has been made on behalf of Weiby that the Company did not sustain its burden of proof, in that it failed adequately to show that Marfell was notified that an action had been brought by Weiby against him, or

that his cooperation was needed, or that the consequences of his failure to cooperate would be to forfeit the coverage of his policy or would be prejudicial. It is also contended that the Company's failure to file an answer on Marfell's behalf or to seek a continuance of the case and to do all that might have been done to avoid or delay the trial of the action until it became certain that the presence of Marfell could not be obtained, precluded a finding that he had sufficiently breached the cooperation clause of the policy in suit to void his policy.

 Conceivably, the Supreme Court of Minnesota in an identical case might sustain Weiby's contentions. We cannot say, however, that it is so improbable that that court would sustain a determination by a trial judge in a case such as this that the cooperation clause of a liability policy had been materially and prejudicially breached, and coverage thereby forfeited, as to justify us in reversing the judgment appealed from. This Court does not retry doubtful issues of fact and substitute its judgment for that of the trial court with respect to such issues. Pendergrass v. New York Life Insurance Co., 8 Cir., supra, at pages 137–138 of 181 F.2d; Webb v. John Deere Plow Co., 8 Cir., 260 F.2d 850, 852.

Upon review of a judgment in a diversity case governed by state law, this Court will accept the considered views of a trial judge as to the applicable law of his state, unless convinced of error. Russell v. Turner, 8 Cir., 148 F.2d 562, 564; National Bellas Hess, Inc. v. Kalis, 8 Cir., 191 F.2d 739, 741, certiorari denied 342 U.S. 933, 72 S.Ct. 377, 96 L.Ed. 695; Johnson v. State Farm Mut. Automobile Ins. Co., 8 Cir., 194 F.2d 785, 787; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733–734; Webb v. John Deere Plow Co., 8 Cir., supra, at page 852 of 260 F.2d; Iowa Electric Light & Power Co. v. City of Lyons, Nebraska, 8 Cir., 265 F.2d 273, 276–277.

We are not convinced that in the instant case the trial court either misconceived or misapplied the applicable local law or that its findings of fact were "clearly erroneous." We think its determination was at least a permissible one.

The judgment appealed from is affirmed.