**WESTERN CASUALTY & SURETY COMPANY, Appellant,**

v.

**Foley BARNHART, Appellee.**

**No. 17156.**

United States Court of Appeals
Eighth Circuit.

Jan. 15, 1963.

Harold J. Fisher, Allen, Woolsey & Fisher, Springfield, Mo., for appellant.

Paul L. Bradshaw, Springfield, Mo., O. J. Taylor, of Neale, Newman, Brad-

shaw, Freeman & Neale, Springfield, Mo., on the brief, for appellee.

Before SANBORN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the defendant in a diversity action brought on October 12, 1961, by the Western Casualty & Surety Company against Foley Barnhart to secure a declaration of nonliability under an automobile liability policy in conventional form, with a limit of $25,000, issued to him covering his Chevrolet truck. The policy was in force on November 21, 1960, when the truck, operated by Barnhart, collided with an automobile owned and driven by Charley Russell on a highway in Stone County, Missouri.

Russell brought suit against Barnhart on April 20, 1961, in the Circuit Court of Stone County, for $50,200 personal injury and property damage claimed to have been caused by Barnhart's negligence in the operation of his truck. One of the grounds of negligence charged to Barnhart was that he was driving his truck while under the influence of intoxicating liquor.

The facts upon which this declaratory judgment action was submitted were stipulated.

The policy in suit obligated the insured to give written notice of an accident, containing "reasonably obtainable information respecting the time, place and circumstances of the accident * *." The policy provided: "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits." The policy also provided: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, * * *."

In the investigation of the accident, made by representatives of the Casualty Company shortly after it occurred, Barnhart, in a statement, denied that he had been drinking at or prior to the time of the collision, and said that Russell had stopped on the highway, causing the collision. Following the filing of the damage suit by Russell, Barnhart, in an interview with one of the attorneys for the Casualty Company, was asked whether he had had anything in the nature of intoxicating liquor to drink on the day of the accident and before it occurred. He answered that he had not, and stated that what he had on his breath the morning of the accident was due to some cough drops he had been eating because of a cold.

On June 30, 1961, in a deposition taken by an attorney for Russell, Barnhart, after being sworn, stated that he had had nothing intoxicating to drink the morning of the accident and that he had not been in a liquor store or bought any liquor, and denied that he had disposed of an empty whiskey bottle near the scene of the accident and just prior to its occurrence. Immediately following the taking of the deposition, Barnhart was again asked by counsel for the Casualty Company about his alleged drinking, and he again denied it.

A few days after the taking of the deposition, and before it had been signed and filed, Barnhart called the attorney for the Casualty Company who had appeared with him at the taking of his deposition, and said he had something to discuss. He made an appointment for July 6, 1961, at the offices of counsel for the Casualty Company in the Russell suit. At that time and place, Barnhart stated that he had misrepresented the facts relative to his drinking; that he had purchased a half-pint bottle of whiskey at a liquor store in Galena, Missouri, the morning of the accident, had consumed it prior to the accident, and had thrown the empty bottle from his truck before the accident and within a few miles of where the accident occurred.

Early in April, 1962, a motion was filed on behalf of Barnhart in the case of Rus-

sell v. Barnhart, pending in the State court, by Barnhart's personal counsel and by counsel for the Casualty Company in that litigation, to correct the deposition of June 30, 1961, so as to speak the truth; and to restrict comment, during the trial of the case, upon the corrected answers. The State court sustained the motion to correct the deposition, but declined to restrict comment relative to the corrections.

The situation, then, is substantially this: The policy is a Missouri policy; it was in force at the time the Barnhart truck collided with the Russell automobile; the controlling law is that of Missouri; Barnhart, the insured, was accused by Russell of having caused the collision and his damages by driving while intoxicated; Barnhart falsely stated to the Casualty Company that he had not been drinking before the collision; he did not disclose to the Casualty Company the truth until early in July, 1961. The Company brought this declaratory judgment action some three months later. The State court action of Russell v. Barnhart was then still pending and undetermined.

This action to invalidate the policy in suit was submitted to Judge Duncan, a Missouri federal judge of long experience. In his opinion, filed June 7, 1962, he pointed out that no Missouri case had been cited in which the exact issue— namely, an alleged breach of the co-operation clause of an automobile liability policy, under comparable circumstances —had been ruled upon. The Casualty Company, in support of its position, cites Finkle v. Western Automobile Ins. Co., 224 Mo.App. 285, 26 S.W.2d 843, and Quisenberry v. Kartsonis, Mo.Sup., 297 S.W.2d 450.

The Finkle case involved the alleged breach by insureds of the co-operation clause of an automobile liability policy by leaving the community where they had lived, without notifying the insurer of their new address. The case was tried to a jury, which returned a verdict against the insurer, which was affirmed on appeal. In its opinion, page 847 of 26 S.W.2d, the St. Louis Court of Appeals said:

"Obviously it is not every failure to accede to the company's request for assistance that will have the effect of defeating the rights of the assured under his policy. Generally speaking, to constitute a breach of the co-operation provision of the contract, there must be a lack of co-operation by the assured in some material and substantial respect, and any formal, inconsequential, or collusive lack of co-operation will be immaterial. * * *"

The Finkle case bears a strong resemblance to the Minnesota case of Weiby v. Farmers Mutual Automobile Insurance Co., 8 Cir., 273 F.2d 327, decided by this Court in 1960. In that case we affirmed a determination by the trial court (Weiby v. Marfell, D.C., 172 F. Supp. 397) that the disappearance by an insured constituted a material and prejudicial breach of the co-operation clause of a policy similar to that in suit.

The case of Quisenberry v. Kartsonis, Mo.Sup., 297 S.W.2d 450, resembles in some respects the instant case and lends support to appellant's argument. That case, however, was tried to a jury which brought in a verdict for the insurer. In affirming the judgment based on the verdict, the Supreme Court of Missouri held, in effect, that the finding of the jury in favor of the insurer was not without adequate evidentiary support.

In the instant case, Judge Duncan determined that the false statements made by Barnhart about his not having been drinking before the accident, which were subsequently corrected while the Russell case was still pending, did not, under the stipulated facts, as a matter of Missouri law, relieve the insurer of liability under its policy. See and compare: Weiby v. Farmers Mutual Automobile Insurance Co., 8 Cir., supra, pages 329–331 of 273 F.2d; Standard Acc. Ins. Co. of Detroit, Mich. v. Winget, 9 Cir., 197 F.2d 97, 99–103, 34 A.L.R.2d 250, and Annotation, pages 266–282 of 34

**152**

A.L.R.2d; and 29A Am.Jur., Insurance, § 1477, page 587. In our opinion, Judge Duncan reached at least a permissible conclusion as to a doubtful question of Missouri law. Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733–734; Mothner v. Ozark Real Estate Company, 8 Cir., 300 F.2d 617, 620.

The judgment appealed from is affirmed.